**Wanda Lee Kay, by Her Next Friend Marian Kennedy, Plaintiff-Appellant, v. Sarah J. Ludwick, Defendant-Appellee.**

**Gen. No. 10,886.**

Fourth District.

October 13, 1967.

Hanley, Phillips & Traub, of Fairbury, for appellant.

Adsit, Thompson, Strock & Strong, of Pontiac (Faraday J. Strock, of counsel), for appellee.

SMITH, J.

The trial court allowed the defendant's motion to dismiss the complaint for failure to state a cause of action and entered a judgment in bar of the suit. Plaintiff appeals.

The four-year-old plaintiff, along with her mother, were guests at the residence of the defendant. While there, a riding-type rotary power mower was engaged in mowing the lawn. It is alleged in the complaint that because of its bright color and mobility, the mower was alluring and attractive to small children who would be tempted and induced to play on it, and that the defendant knew or should have known that this mower was a dangerous and potentially harmful machine when operated in the presence of small children; that while attempting to climb upon the rear of the machine while it was in motion, the plaintiff came into contact with the rotary blade

and her entire left heel was severed causing permanent injury, pain and suffering, medical expense, etc. It is further alleged that the defendant was negligent in (a) permitting the machine to be operated while the invited minor child was on the premises, (b) in failing to warn the minor child of the danger, (c) failed to have proper safeguards to protect the child from injury, (d) failed to stop the operation of the mower while the child was on the premises, (e) allowed the child to play in the front yard without adequate supervision, and (f) failed to refrain from carrying on an activity which the defendant knew or should have known would be dangerous to the child.

 The parties are properly in accord on the proposition that it is the duty of the host to keep his premises reasonably safe for his invited minor guests. In Kahn v. James Burton Company, 5 Ill2d 614, 126 NE2d 836, our Supreme Court there stated that the customary rules of ordinary negligence control the duties of a landowner to an infant invited onto his land. We take the facts alleged as true. The sole issue in this case is whether those facts establish a duty of the defendant to the plaintiff which was breached to the plaintiff's damage. "This is entirely a question of law, to be determined by reference to the body of statutes, rules, principles and precedents which make up the law; and it must be determined only by the court." Prosser, Torts § 36, ¶ 3 (3rd ed 1964). Whether or not there was a likelihood of injury to a four-year-old child playing in a yard in which a riding rotary mower was being operated was reasonably foreseeable does not answer our problem. As stated in Lance v. Senior, 36 Ill2d 516, 518, 224 NE2d 231, 233, more is required. "After the event, hindsight makes every occurrence foreseeable, but whether the law imposes a duty does not depend upon foreseeability alone. The likelihood of injury, the magnitude of the burden of guarding against it and

the consequences of placing that burden upon the defendant, must also be taken into account." "In other words, 'duty' is a question of whether the defendant is under any obligation for the benefit of the particular plaintiff; and in negligence cases, the duty is always the same, to conform to the legal standard of reasonable conduct in the light of the apparent risk. What the defendant must do, or must not do, is a question of the standard of conduct required to satisfy the duty." Prosser, Torts § 53, p 331 (3rd ed 1964).

Neither counsel has cited nor has our own research disclosed any precedent establishing a standard of conduct under the specific facts which we examine. Each case necessarily rests on its own set of facts. Man's ingenuity in inventing mechanical devices which in their operation may cause injury to his fellow man seems unlimited. This fact together with constant changing social conditions lead constantly to judicial recognition of new duties and new standards of conduct. Courts are thus not placed in solitary confinement with the duties of yesterday, but are free to recognize new duties and standards of conduct where the factual realities require that they do or should exist.

■■ In the instant case, we are thus confronted with undisputed questions of fact and the clear obligation to declare the existence or nonexistence of a duty on the part of this defendant to this plaintiff. We have a four-year-old child who was under the apparent, if not the actual care, custody, control and management of her mother. It seems clear that this mother observed no apparent harm in permitting her child to play in the yard while the mower was in operation. It seems equally clear that the operator of the mower was not aware of any apparent danger that this four-year-old child would attempt to climb upon his moving vehicle. We think we may judicially notice that with multitudinous monotony, machines of this type or of the nonriding rotary type are

daily in operation on property throughout the land in the presence of small children. The fact that a course of conduct is common practice, however, does not ipso facto establish that it is nonnegligent conduct. It does suggest, however, that the "likelihood of injury" is minimal and the apparent risk that a small child will climb upon a moving vehicle is slight.

■ It seems to us, therefore, that neither the "likelihood of injury" such as this record discloses nor the existence of an "apparent risk" of such an injury is such as to mark the conduct of this defendant as unreasonable. To promulgate a standard of conduct which requires a host to discontinue a mowing of his yard in the presence of minor children or in the alternative to tie the child to a bedpost is to impose upon a host an unrealistic burden and duty where such child or children are under the apparent or actual control of a parent or parents. In Driscoll v. Rasmussen Corp., 35 Ill2d 74, 79, 219 NE2d 483, 486, in discussing duty to minors, our Supreme Court said:

"The responsibility for a child's safety lies primarily with its parents, whose duty it is to see that his behavior does not involve danger to himself. Others can be held responsible for injuries only if they are at fault under some recognized theory of liability."

■ Thus the primary responsibility for the safety of this minor child rested with its mother. That responsibility can be shifted to the host only if it may be said that the host is at fault under some recognized theory of liability. In this limited set of facts, therefore, there is no responsibility resting with the host unless her conduct may be denominated as unreasonable. Here none of the parties present recognized any likelihood of injury or any apparent risk to this child in the operation of this mower. The conduct of the host ". . . is to be weighed on the theory that he will not neglect a condition

which the common experience of man teaches is dangerous with injury therefrom reasonably foreseeable and conversely, he is not required to worry his head over events that are only barely possible and not reasonably foreseeable." Rahn v. Beurskens, 66 Ill App2d 423, 429, 213 NE2d 301. We would further point out that in Rahn v. Beurskens, the bare electrical wire was a danger recognized by both the tenant and the landlord, and that the landlord assumed the duty to order its repair and the issue there to be submitted to the jury was whether or not the landlord had failed negligently in the performance of that duty. Under the limited facts here stated, the conduct of this defendant in the presence of the child's mother cannot be denominated as unreasonable. This being true, there was no duty alleged—there is no negligence and therefore no liability.

It is further alleged in this complaint that the defendant failed to warn the minor child of the known danger, and that a breach of this duty is sufficient to state a cause of action. A duty to warn arises only where there is a known likelihood of injury or a risk that is readily apparent. Having concluded, as we have, that neither of these elements are present under the specific facts alleged in this record, it necessarily follows that no duty to warn existed and there cannot be a recovery for a breach of a nonexistent duty.

Historically, a social guest was regarded as a licensee rather than an invitee, and the duty of the host was not to wilfully, wantonly or recklessly injure the guest. As times have changed, however, this has been so watered down that "it is now generally held that as to any active operations which the occupier carries on, there is an obligation to exercise reasonable care for the protection of a licensee." Prosser, Torts (3rd ed 1964), page 388, Restatement of Torts, ¶ 341. The operation of this power mower in the yard was either fully known to the parent or patently obvious to the parent. This is

all that a licensee has the right to expect from his host. Prosser, Torts (3rd ed 1964), page 389. To say that there is more is to impose on a host a duty superior to the one the parent here owed to the child. If the parent was exercising reasonable care for the safety of her child under the allegations of this complaint, it appears to us that a like result must be accorded to the host in the performance of her duty to the minor child. There was no breach by the defendant of any standard of conduct or duty that the law requires.

We, therefore, conclude that the action of the trial court in dismissing this complaint for failure to state a cause of action was correct, and it should be and it is hereby affirmed.

Affirmed.

CRAVEN, P. J. and TRAPP, J., concur.