TERESA KAY WINNETT, A Minor, by Susie Stine, Her Mother and Next Friend, Plaintiff-Appellant, *v.* BERLIN WINNETT, Defendant—(HELIX CORPORATION, Defendant-Appellee.)

(No. 11765;

Fourth District—January 31, 1973.

TRAPP, P. J., dissenting.

Dale A. Cini and Patrick M. Walsh, both of Ryan & Heller, Ltd., of Mattoon, for appellant.

Phillips, Phebus, Tummelson & Bryan, of Urbana, (Hurshal C. Tummelson and Joseph W. Phebus, of counsel,) for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

■■ The only issue presented by this appeal is the sufficiency of Count II of an amended complaint to state a cause of action against the defendant Helix Corporation. The trial court entered an order dismissing the complaint and in bar of action. No memorandum or finding or statement of deficiency in the complaint is in the record. We hold that Count II of the complaint states a cause of action.

Count II of the complaint as amended alleges that in July of 1963 plaintiff, then aged four years, was injured when she placed her hand in the conveyor belt of a forage wagon manufactured by the defendant. The forage wagon was owned by her grandfather and was being operated by him in his barnlot at the time of the injury.

The allegation is further that the defendant manufactured the wagon, that it was unreasonably dangerous in several specified particulars. The injury to the plaintiff is alleged to have resulted from the unreasonably dangerous conditions as specified and such conditions are alleged to have existed at the time the wagon left the-control of the defendant-manufacturer. These allegations state a cause of action in strict liability as enumerated in *Suvada v. White Motor,* 32 Ill.2d 612, 210 N.E.2d 182. See also *Mieher v. Brown,* 3 Ill.App.3d 802, 278 N.E.2d 869 (Petition for Leave to Appeal Allwd.).

■■ In support of the order of dismissal, the defendant urges that the doctrine of strict liability only imposes a duty upon a manufacturer to make a product safe for the purpose for which it was supplied. The defendant contends there is no breach of duty unless the product fails to

perform in the manner reasonably to be expected in the light of its nature and intended function. This contention is basically the same as the "crash-proof car" argument urged in *Mieher*. We reject such contention for the reasons there stated.

*Kay v. Ludwick,* 87 Ill.App.2d 114, 230 N.E.2d 494, is relied upon by the defendant in support of its contention of no breach of duty. We do not find that case to be applicable here. In *Ludwick,* we upheld the dismissal of a complaint attempting to allege a cause of action for negligence in the operation of a lawnmower. The complaint there was deficient in that no breach of duty was alleged. Here, a breach of duty in the form of manufacturing and placing in the channels of commerce a defective product is alleged.

■■ The defendant urges in support of the order dismissing the complaint that the doctrine of strict liability recognized and adopted in 1965 by the decision in *Suvada* should not be applicable to this 1963 injury by a product manufactured prior to that date. We are asked by analogy to *Molitor v. Kaneland Com. Unit Dist.,* 18 Ill.2d 11, 163 N.E.2d 89, to hold that *Suvada* is prospective only. The abolition of privity in products liability cases is not comparable to the abolition of governmental immunity as involved in *Molitor.*

■■ Furthermore, in *Williams v. Brown Mfg. Co.,* 45 Ill.2d 418, 261 N.E.2d 305, the Supreme Court clearly recognized the application of products liability to pre-*Suvada* products. (See also *Wright v. Massey-Harris, Inc.,* 68 Ill.App.2d 70, 215 N.E.2d 465; *Dunham v. Vaughan & Bushnell Mfg. Co.,* 86 Ill.App.2d 315, 229 N.E.2d 684; *Haley v. Merit Chev., Inc.,* 67 Ill.App.2d 19, 214 N.E.2d 347.) Finally, the foreseeability of the injury here alleged is not relevant to the issue of the sufficiency of the complaint to state a cause of action. Such is a fact issue for jury determination upon the trial of the cause. (See *Dunham v. Vaughan & Bushnell Mfg. Co., supra.*) For the reasons stated, the judgment of the circuit court of Coles County is reversed and this cause is remanded to that court with directions to deny the motion to dismiss and for further proceedings consistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

SIMKINS, J., concurs.

Mr. PRESIDING JUSTICE TRAPP dissenting:

I dissent from the principal opinion for the reason that the pleadings disclose facts which make applicable the views expressed in my specially concurring opinion in *Lewis v. Stran-Steel Corp.,* 6 Ill.App.3d 142, 143, 285 N.E.2d 631, 638.

I would affirm the order of the trial court.