MARY BEAVER, Plaintiff-Appellant, *v.* UNION NATIONAL BANK AND TRUST COMPANY *et al.*, Defendants-Appellees.

Third District    No. 80-72

Opinion filed December 31, 1980.

Samuel Saxon, of Saxon, Niznik & Peterson, of Plainfield, for appellant.

Eugene C. Shutts, of Shutts & Shutts, of Joliet, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of Will County which dismissed an amended count V of the second amended complaint of the plaintiff, Mary Beaver. The dismissed count alleged certain acts and omissions taken by the defendant Union National Bank and Trust Company of Joliet in its administration of a trust and further alleged that such conduct constituted negligence and that the plaintiff sought damages in the amount of $3,000,000.

A recitation of the events which culminated in this appeal are as follows. On February 27, 1976, land trust No. 2198 was created with the defendant Union Bank as trustee and Anton Grate being the 100 percent owner of the beneficial interest of the trust. Anton Grate was further named as the sole party having the power of direction over the trust.

On June 14, 1977, the plaintiff conveyed to the Union Bank in its capacity as trustee of trust No. 2198 a 70-acre parcel of real estate. On July 6, 1977, Anton Grate assigned all of his interest in trust No. 2198 (being 100 percent of the interest in the trust) to the B.G.H. Partnership. This assignment was filed with and accepted by the bank on July 7, 1977.

The instrument creating the "B.G.H. Partnership" discloses that on June 22, 1977, the plaintiff, defendant Anton Grate, and another defendant, Robert Hoster, formed the partnership, each having a one-third interest in the same, for the purpose of engaging in the ownership, operating, leasing and improvement of the 70 acres of land which the plaintiff conveyed to trust No. 2198. The agreement further provides that the said 70 acres be kept in the trust but provides that Anton Grate would be the managing partner with power, *inter alia*, to direct on behalf of the "B.G.H. Partnership" conveyances of the partnership property.

On August 12, 1977, at the direction of the B.G.H. Partnership, the Union Bank as trustee was directed to convey the 70-acre tract of land to Nancy O'Connell, another defendant in this case. The document directing this transfer was entitled "Direction to Convey" and was signed by Anton Grate on behalf of the partnership, acting in his capacity as managing partner.

Pursuant to this direction the land was conveyed by Union Bank, acting as trustee, to Nancy O'Connell on August 12, 1977.

As noted in the caption of this appeal, the plaintiff filed an action

against several defendants in which she makes a voluminous number of allegations of misconduct allegedly practiced upon her by the defendants Hoster and Grate; however, in this appeal we are only concerned with the question as to whether amended count V of the plaintiff's second amended complaint stated a cause of action against the defendant Union Bank.

In examining amended count V of plaintiff's complaint and the brief filed by her with this court, we note that the alleged misconduct of the bank is described as both negligence and fraud.

Amended count V is quite lengthy, and no useful purpose would be served by setting it forth in its entirety. The count contains allegations pertaining to plaintiff's one-time ownership of the 70-acre tract of real estate and a multitude of allegations of fraud practiced upon her by Robert Hoster and Anton Grate. An examination of amended count V discloses that there are no allegations of fact which would in any way connect the bank or its personnel with any of the alleged fraudulent acts. There are no allegations in the count of any contractual relationship between the plaintiff and the bank or that the plaintiff ever had any dealings with the bank.

Although amended count V is couched in terms of negligence, the many allegations of fraud directed at Grate and Hoster compel a determination as to whether they are sufficient to ensnare the defendant bank. They are not, for there is an abundance of authority to support the proposition that to be held liable in an action for fraud a defendant must have participated in the fraud or at least have had some knowledge of it. Corpus Juris Secundum in its treatise on Fraud contains the following statements:

> "The mere fact that defendant owned or had an interest in property which was transferred through fraud will not impose liability in the absence of participation or ratification, and this is especially true where defendant's interest was of a nominal character * * *." 37 C.J.S. *Fraud* §61, at 347 (1943).

In the instant case the defendant Union Bank's interest in the 70-acre tract of real estate was nominal in that it received title as trustee of a land trust. There are no allegations in amended count V of plaintiff's complaint that the bank as trustee in any way participated in the alleged machinations of Grate or any of the other defendants. The same is true as to allegations that the bank had any knowledge of the alleged fraud, and without knowledge there can be no ratification.

A case quite similar to the instant case is *Bahen v. Furley* (1919), 44 Cal. App. 134, 186 P. 185. In the case of *Bahen* the plaintiff brought an action in damages in deceit against certain defendants including one Brown. The evidence disclosed that Brown had authorized two defend-

ants to use his name in their negotiations to purchase property from the plaintiff and that he further allowed the defendants to prepare the deed from the plaintiff to himself. The court found that certain defendants had committed fraud on the plaintiff but reversed a judgment against Brown since there was no evidence that he had participated in or had any knowledge that the plaintiff had been deceived. The court addressed itself to the question as to whether a prudent man in the position of Brown should have made inquiries about the transaction in which he was taking part. The California court of review made the following observations:

"Does the law impose some duty upon one in this position? Does the failure to so exercise that duty subject him to the same liability as though he knew? Does the law impute to him knowledge of facts which might have been his had he made inquiry? Defendant Brown did not participate in any of the proceeds; he made no false representations; he practiced no deceit; he did not conspire or authorize others to practice deceit. Unless the answer to the questions just submitted be in the affirmative, it would seem that because of the part which he took in this transaction he cannot be subjected to liability for damages." 44 Ill. App. 134, 137, 186 P. 185, 186.

There is no dearth of case law for the proposition that to be liable for fraud one must have been a participant or had some knowledge of the same. See *McClure v. Graham* (1935), 9 Cal. App. 2d 353, 50 P. 2d 84, and *Page v. W. F. Hallam & Co.* (1918), 212 Ill. App. 462.

■■ The cases cited relate to what the evidence must prove in order to render a party liable for fraud. In the case before us for consideration we are confronted with a question relating to the pleading of the plaintiff. The precise question presented is whether in amended count V of the plaintiff's second amended complaint there were substantial averments of fact pleaded to state a cause of action, to-wit, fraud against the defendant Union Bank. It is axiomatic that a party should plead that which he must prove. A declaration which fails to allege a fact without whose existence the plaintiff is not entitled to recover does not state a cause of action. (*Walters v. City of Ottawa* (1909), 240 Ill. 259, 88 N.E. 651.) With the adoption of our Civil Practice Act, there was a liberalization of the rules of pleading; however, such liberalization was not so all-encompassing as to excuse the necessity of stating a cause of action. Section 31 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 31) provides that "In all civil actions, pleadings shall be as specified in this Act and the rules. *This section does not affect in any way the substantial averments of fact necessary to state any cause of action.*" (Emphasis supplied.)

In the statement of facts of the plaintiff's brief filed in this appeal it is

stated that amended count V of the second amended complaint alleges (1) the establishment of trust No. 2198 with the defendant bank in which Anton Grate was the 100 percent beneficial interest owner; (2) that plaintiff owned the 70-acre tract of land in question which had a value of $3,000,000; (3) that a fiduciary relationship existed between the plaintiff and Robert Hoster, her second cousin; (4) that Robert Hoster prepared the deed by which the plaintiff conveyed the 70 acres to trust No. 2198, that Sue Grate, wife of Anton Grate notarized the document and that she, the plaintiff, relied on false representations made to her by Robert Hoster; (5) that Anton Grate had prepared the B.G.H. Partnership agreement which she did not sign or she was unaware that she was signing a partnership agreement; (6) that two weeks after the alleged signing of the partnership agreement by the plaintiff, Anton Grate, as sole beneficiary of trust No. 2198 assigned the 70-acre tract of realty to the B.G.H. Partnership; and (7) that Anton Grate on behalf of B.G.H. Partnership directed the defendant bank to convey the 70 acres to Nancy O'Connell.

◼◼ Even though repetitious, we deemed it necessary to set out in detail the plaintiff's own analysis of what was averred in amended count V. After examining the count, we agree with the plaintiff's analysis, and by so agreeing it follows that we further agree with the action of the trial court in dismissing the count for failure to state a cause of action in favor of the plaintiff and against the defendant Union National Bank. The amended count V fails to allege any facts from which two elements essential to tort liability against the defendant bank for fraud can be predicated or even inferred. We refer to the elements of *scienter* or participation in alleged fraudulent acts.

While the plaintiff in her brief alleges that she was the victim of misrepresentation and fraud, she charged in the amended count V that the defendant bank was negligent, and the specific acts which she classifies as negligence are the defendant bank's acceptance of a void deed, the bank's acceptance of realty valued at $2,800,000 for a consideration less than $100, the bank's failure to notify her that Anton Grate was the 100 percent beneficial owner of Trust No. 2198, the bank's failure to communicate with her prior to transferring the beneficial interest in the real estate to the B.G.H. Partnership and by honoring the direction of the partnership via Anton Grate to transfer the real estate to Nancy O'Connell.

◼◼ The plaintiff's charge that the defendant bank was negligent must fall, for there are no allegations of facts in her amended count V to support such a finding. The defendant bank owed no duty to the plaintiff. She was not a party to the trust agreement. The bank, pursuant to the trust agreement, had a duty to accept the assignment of beneficial interests in property and was not charged with examining the title to any real estate

or to cure any defects. The bank further was under no duty to ascertain the value of any realty placed in the trust. The bank not only did not have a duty to advise the plaintiff as to the identity of the beneficial owner of Trust No. 2198, but on the contrary owed Anton Grate an affirmative duty not to disclose his identity. While the plaintiff may or may not have been a partner in the B.G.H. Partnership, any dispute as to that question does not involve the bank. The bank was under a duty to the B.G.H. Partnership to honor the written directions of its managing partner, Anton Grate, and was under no duty to the plaintiff or any other party to refrain from honoring such directions. There is a total absence in amended count V as to the averment of any facts which if proved would establish a duty from the defendant bank to the plaintiff. There can be no recovery for the breach of a nonexistent duty. *Kay v. Ludwick* (1967), 87 Ill. App. 2d 114, 230 N.E.2d 494.

The plaintiff's brief presents a number of issues, and she further attempts to present additional issues in her reply brief. In short, this appeal results in this court being the target of a fusilade of issues. The paramount issue is whether the trial court correctly dismissed amended count V of the second amended complaint of the plaintiff, and, having determined that the count was properly dismissed for failure to state a cause of action against the defendant bank, no useful purpose would be served in considering collateral and tangential issues.

For the reasons set forth, the order of the Circuit Court of Will County dismissing amended count V of the plaintiff's second amended complaint is affirmed.

Affirmed.

ALLOY, P. J., and BARRY, J., concur.