PHILLIPS CONSTRUCTION COMPANY, INC., Plaintiff-Appellant, *v.* MARK J. MUSCARELLO, a/k/a Marco J. Muscarello, Defendant-Appellee.

Second District (1st Division)    No. 75-248

Opinion filed August 20, 1976.—Rehearing denied October 28, 1976.

---

Dennis E. Quaid, of Ahern & Gillogly, of Chicago, and Schaffner & Ariano, of Elgin, for appellant.

Gerald M. Sheridan, Jr., of Wheaton, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiff corporation, by its State-appointed receivers, filed a complaint to rescind a contract purported to have been entered into by its president and sole stockholder, Philip D. Rose, and the defendant. The Federal trustee in bankruptcy succeeded the receivers in the prosecution of the cause of action.

Under the agreement, property which had been acquired by Rose under an executory contract in 1971 (referred to as the Burnidge Farm), was conveyed to the defendant who was the attorney for the corporation. The complaint proceeded on the theory that the property was initially acquired by Rose for the corporation and that the conveyance to

defendant was in breach of a fiduciary duty which the defendant owed to the corporation. Defendant moved to dismiss under section 48 of the Civil Practice Act (Ill. Rev. Stat. 1973, ch. 110, par. 48) on the basis that the corporation had no interest in the property and therefore had no standing to sue to rescind the agreement between Rose and the defendant. The motion was granted and the case was dismissed with prejudice. Subsequently, the trustees' motion to vacate the dismissal and to permit a voluntary nonsuit or alternatively to amend the complaint was also denied. Plaintiff appeals from both orders.

The complaint alleged that the plaintiff corporation and the defendant, on or about June 7, 1973, entered into an oral contract which was memorialized by a memorandum; that pursuant to that agreement, defendant paid certain corporate debts; that thereafter, on or about August 10, 1973, defendant entered into a written contract with Philip D. Rose to transfer the property to defendant; and that the agreement "fraudulently attempts to make the initial contract between plaintiff and defendant the contract of PHILLIP D. ROSE personally and defendant* * *." The complaint then alleges that the August 10 agreement was fraudulent, illegal and of no effect because, among other reasons, defendant as an attorney breached a fiduciary duty he owed the plaintiff.

Defendant filed a motion to dismiss "pursuant to Chapter 110 §48(b) and 48(i)" alleging on information and belief that plaintiff has no legal or equitable ownership of the real estate which is the subject matter of this proceeding, and therefore has no standing to bring the suit. Defendant attached various documents in the chain of title, in none of which appear the name of the plaintiff corporation as a grantor or beneficiary. He also attached the original memorandum dated June 7, 1973, referred to in the complaint which notes that defendant put in $60,000 and received among other things the assignment of one-half interest in the Burnidge contract and that defendant owed Rose $47,500. The memorandum also referred to a trust agreement under which Rose had a one-half interest and Mark J. Muscarello had a one-half interest in the Burnidge contract.

Plaintiff filed the counteraffidavits of one of the receivers, and the attorney for the receivers which alleged that Rose indicated on numerous occasions that he drew no distinction between plaintiff's assets and his own personal assets and that Rose stated that the land was purchased with the funds of the corporation. On the defendant's motion based on Supreme Court Rule 191 (Ill. Rev. Stat. 1973, ch. 110A, par. 191) the court struck the counteraffidavits for the apparent reason that they did not contain statements of fact admissible in evidence.

■■ Plaintiff first claims that the trial court erred procedurally in dismissing the action under section 48 of the Civil Practice Act. Section 48

provides nine grounds upon which a motion for dismissal may be based. Defendant's motion to dismiss was based on plaintiff's alleged lack of "standing." This apparently is in reference to paragraph (1)(b) of section 48 which provides that an action may be dismissed if the plaintiff does not have the legal capacity to sue. We have held that section 48(1)(b) "is aimed at defenses such as incompetence, infancy, and the like." (See *Patterson Heating & Air Conditioning Corp. v. Durable Construction Co.*, 3 Ill. App. 3d 444, 446 (1972).) A section 48 motion is limited to one of the nine grounds listed in the section. (*Cain v. American National Bank & Trust Co.*, 26 Ill. App. 3d 574, 585 (1975).) For this reason alone, the trial court erred in dismissing the complaint.

Even if we assume that lack of "standing" would be a ground for dismissal under section 48, the result would be the same.

In determining the propriety of granting a motion to dismiss all properly pleaded facts are admitted. (*Yale Development Co. v. Oak Park Trust & Savings Bank*, 26 Ill. App. 3d 1015, 1018 (1975).) In addition, no cause of action is to be dismissed upon a pleading unless it clearly appears that no set of facts can be proved under the pleadings which will entitle the plaintiff to recover. *Cain v. American National Bank & Trust Co.; Country Mutual Insurance Co. v. Drendel*, 116 Ill. App. 2d 466, 470 (1969).

■■■ One of the theories upon which the complaint is based is that the defendant, as the attorney for the plaintiff, breached his fiduciary duty by acquiring the property in question. It is clear that an attorney occupies a fiduciary relationship with his client. (*Turner v. Black*, 19 Ill. 2d 296, 305 (1960); *Rose v. Frailey*, 10 Ill. 2d 514, 517 (1957); *Kravis v. Smith Marine, Inc.*, 15 Ill. App. 3d 494, 500 (1973).) It is a breach of fiduciary duty for an agent to benefit to the detriment of his principal (*Turner v. Black*, at 305. See also *Kerrigan v. Unity Savings Association*, 11 Ill. App. 3d 766, 774 (1973).) One who stands in a fiduciary relationship with a corporation cannot use his power for his personal advantage and to the detriment of stockholders and creditors even though his power is in absolute terms and his acts satisfy technical requirements. See *Pepper v. Litton*, 308 U.S. 295, 84 L. Ed. 281, 60 S. Ct. 238, 247 (1939).

■■■ In our view, a colorable breach of fiduciary duty by defendant has been pleaded. In the counteraffidavit filed by the receivers for the plaintiff in opposition to defendant's motion to dismiss there is a statement that corporate funds were used by Rose to acquire the Burnidge Farm. Although defendant was not involved in the initial transaction, he was the attorney for plaintiff and he subsequently received the property. If it is true that corporation funds were used to purchase the property, the fact that defendant was both the attorney for Rose and for the corporation could justify a court of equity in setting aside the sale on the basis of

breach of fiduciary duty. The result could be justified either on the basis that defendant knew that the funds used to initially purchase the Burnidge Farm property were those of the corporation, or on the basis that defendant knew that Rose purchased individually instead of in the name of the corporation in order to defeat the claim of creditors. See, *e.g., Barr & Creelman Mill & Plumbing Supply Co. v. Zoller,* 109 F.2d 924, 928 (2d Cir. 1940).

Clearly, if a breach of fiduciary duty is shown, the trustee in bankruptcy may seek to remedy the breach on behalf of the creditors. See Bankruptcy Act, 11 U.S.C. §107(d), 110(c). See also *Pepper v. Litton,* 308 U.S. 295, 84 L. Ed. 281, 60 S. Ct. 238, 245.

■■ Defendant argues that the counteraffidavits were properly stricken and cannot be considered as a basis for a possible cause of action. Again, we do not agree. The affidavit of the receiver that Rose indicated on numerous occasions that he commingled the corporation with his personal assets and the affidavit of the attorney for the receiver that Rose stated that the land in question was purchased with the funds of the plaintiff were both declarations against the interest of the declarant since these statements were against Rose's pecuniary and proprietary interests. (See *Jones v. DeWig,* 25 Ill. App. 3d 423, 425 (1974); *Naylor v. Gronkowski,* 9 Ill. App. 3d 302, 306-7 (1972).) The statements were therefore evidence and should not have been stricken.

For the reasons stated, we reverse the orders of the trial court and remand the cause with directions to permit plaintiff to amend the complaint and to thereafter proceed.

Reversed and remanded.

GUILD, P. J., and HALLETT, J., concur.