BESCOR, INC., Plaintiff-Appellant, *v.* CHICAGO TITLE & TRUST COMPANY, Defendant-Appellee.—(Parkway Bank & Trust Company *et al.*, Defendants.)

First District (5th Division)   No. 81—2987

Opinion filed February 25, 1983.

A. Denison Weaver, of Chicago, for appellant.

Stanley M. Cahn and John J. Foster, of Chicago, for appellee.

JUSTICE MEJDA delivered the opinion of the court:

Plaintiff appeals from an order granting a motion to dismiss counts XI and XIII of its second amended complaint directed against defendant Chicago Title & Trust Company (hereinafter Chicago Title).

The motion to dismiss was brought pursuant to both sections 45 and 48(1)(i) of the Civil Practice Act (Ill. Rev. Stat. 1981, ch. 110, pars. 45, 48(1)(i), now sections 2—615 and 2—619(a)(9) of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, pars. 2—615, 2—619(a)(9)), and was granted under these sections simultaneously.[1] The dismissed counts alleged acts and omissions by Chicago Title in its capacity as construction loan escrowee and further alleged that such conduct constituted both negligence and a breach of trust, and that plaintiff sought damages in the amount of $30,685. The following factual summary is taken from the pleadings.

Plaintiff furnished electrical construction work on a construction project in Cook County, Illinois, for which he claims he has not been paid. The actors germane to the appeal are the owner of the project, Wheeling Trust & Savings Bank; the construction lender, Columbia National Bank; the general contractor, Joost-Anonich Construction Corporation; the disbursing agent, or escrowee, of the construction loan proceeds, Chicago Title, the defendant; the subcontractor, Bescor, Inc., plaintiff; and Roy A. Swanson, the so-called "unauthorized employee" of plaintiff and alleged forger. The complaint refers to the construction contract, the subcontract, and to the construction loan escrow trust agreement (the escrow agreement), but none of the foregoing documents nor any part, are attached as an exhibit or recited therein. (See Ill. Rev. Stat. 1981, ch. 110, par. 2—606.) However, the escrow agreement has been made a part of the instant record as an attachment to defendant's motion to dismiss. Thus, reference to the relevant provisions of this instrument will be made as necessary in our discussion below.

Count XI of plaintiff's amendment to the second amended complaint recited that under the construction agreement Joost-Anonich, as general contractor, agreed with Wheeling Trust & Savings Bank, the owner, to perform construction work on the owner's property; that in turn the general contractor and plaintiff had executed an agreement whereby plaintiff, as subcontractor, was to undertake the electrical portion of the construction project; that on December 18, 1978, the owner appointed Chicago Title as its agent for disbursing the construction funds to the various contractors, including plaintiff;

---

[1]This "hybrid" procedure of combining a motion under section 45 and a motion under section 48 has been disapproved. (See *Moreno v. Joe Perillo Pontiac, Inc.* (1983), 112 Ill. App. 3d 670; see also *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605.) Nonetheless, in the interest of judicial economy and to avoid delay we do not remand because of the foregoing but consider each of the issues thereby presented.

that the sum of $360,000 was thereafter deposited by the owner through its lender with Chicago Title with instructions to make disbursements directly to the various contractors upon the presentation of the necessary documentation evidencing completion of the work; that it was the duty of Chicago Title, as disbursing agent of the owner, to exercise the "highest degree of care" in accordance with the authority extended by the owner; that Chicago Title breached this duty by negligently disbursing the sum of $30,685 to Swanson,[2] without first ascertaining his authority to accept payment on behalf of plaintiff; and finally, that as a direct and proximate result of the foregoing, the above sum was converted by Swanson for his own use and benefit, and plaintiff was thereby deprived of payment for his work.

The second count brought against Chicago Title, count XIII, alleged that on December 18, 1979, the owner entered in to a trust agreement with Chicago Title for the benefit of the various contractors, including plaintiff; that under the trust agreement, Chicago Title accepted $360,000 deposited by the owner through its lender and agreed to hold this amount for the benefit of the various contractors employed on the construction project, and to disburse such funds directly to the contractors upon presentation of the necessary documentation evidencing completion of the work; that Chicago Title breached this trust when it failed to disburse the funds due and owing to plaintiff; and that as a result plaintiff was deprived of payment for its work on the project.

OPINION

Chicago Title's motion to dismiss was grounded on plaintiff's failure to state a cause of action and on other affirmative matters presented by way of affidavits. We think that the trial court properly dismissed the claims for damages against this defendant since the complaint clearly fails to state any cause of action against Chicago Title, the disbursing agent (escrowee), for negligence, for breach of trust, or under any other legal theories urged by plaintiff on appeal.

---

[2]The record discloses that Swanson received from Chicago Title a draft made payable to the order of "BESCOR, INC." and not a "sum" of money as might be inferred from the pleadings. This check was paid and purports to have been endorsed as follows:

"DEPOSIT ONLY
ROBERTSON/SWANSON
DBA
BESCOR, INC.
00118850 0."

Plaintiff contends that its count XI states a cause of action in negligence. Chicago Title denies that it owed any duty to plaintiff under any negligence theory.

To survive a motion to dismiss for failure to state a cause of action, the complaint must set out the existence of a duty owed by the defendant to the plaintiff, a breach of that duty and an injury proximately resulting from the breach. (*Cunis v. Brennan* (1974), 56 Ill. 2d 372, 374, 308 N.E.2d 617, 618.) It is not sufficient, however, that a complaint merely allege a duty, but the pleader must allege facts from which the law will raise a duty. (*Bell v. Village of Midlothian* (1980), 90 Ill. App. 3d 967, 414 N.E.2d 104.) It is also insufficient that there has been a breach of some duty unless such duty was owing to the person injured. See generally 28 Ill. L. & Prac. *Negligence* sec. 22 (1957).

Count XI alleges that Chicago Title, "as the disbursing agent of defendant Wheeling Trust," the owner, owed a duty to exercise the "highest degree of care" in making disbursements in accordance with the authority "extended by the defendant Wheeling Trust." Taking these allegations as true, we believe plaintiff has merely pleaded the existence of some duty owed by Chicago Title, as disbursing agent, to the owner, its principal. Absent in this count, however, are any allegations of fact establishing a duty on the part of this defendant owing to plaintiff. Traditionally, an agent is not liable for injuries to third persons resulting solely from a mere breach of duty which he owes to his principal, unless at the same time the agent owes a separate duty to the third party. (See *Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1971), 2 Ill. App. 3d 906, 274 N.E.2d 507, *rev'd on other grounds* (1973), 54 Ill. 2d 511, 301 N.E.2d 729, *cert. denied* (1976), 424 U.S. 943, 47 L. Ed. 2d 349, 96 S. Ct. 1411; see also Restatement (Second) of Agency sec. 352 (1957).) An illustrative example of the above rule, and one which closely parallels the situation presented before us, is cited in section 352 of the Restatement (Second) of Agency as follows:

"1. A is given money by P and directed to pay it to T. A fails to pay the money to T. A is not thereby liable to T."

Thus, under this rule limiting an agent's tort liability plaintiff, in the instant case, was required to allege facts from which a legal duty would arise apart and distinct from those duties pleaded merely establishing the agent's duties to its principal. We find that plaintiff has failed to allege any such facts which if proved would establish a duty owing from the defendant as "disbursing agent" to the plaintiff. Without such a duty there can be no recovery. (See generally *Beaver*

*v. Union National Bank & Trust Co.* (1980), 92 Ill. App. 3d 503, 414 N.E.2d 1339.) The trial court therefore was correct in dismissing count XI.

■■ Plaintiff next contends that its count XIII states a cause of action for breach of the escrow trust of which it claims, on appeal, to be an intended beneficiary. Chicago Title denies that the construction loan escrow trust agreement gave rise to any rights in plaintiff based on a third-party beneficiary or express trust theories.

Both parties accept the general rules that an escrowee, like a trustee, owes a fiduciary duty to act only according to the terms of the escrow instructions (*Toro Petroleum Corp. v. Newell* (1974), 33 Ill. App. 3d 223, 338 N.E.2d 491), and that an escrowee may become the trustee of both the party making the deposit and the one for whose benefit it is made. (*Stark v. Chicago Title & Trust Co.* (1942), 316 Ill. App. 353, 45 N.E.2d 81.) We find that plaintiff's count XIII, however, is unaided by the application of these two general principles. First, the fiduciary duty rule as discussed in *Toro Petroleum Corp.* relates only to *parties* to the escrow agreement and is therefore not supportive of plaintiff's claim under a third-party beneficiary status. Secondly, applying general contract and trust principles, we find that plaintiff's theories of recovery are without merit.

As to plaintiff's allegation in count XIII that the escrow funds were entrusted to Chicago Title "for the benefit of the various contractors *** including the plaintiff," we find this unsupported allegation insufficient to establish that the subcontractors were more than incidental beneficiaries of the instant construction loan escrow trust. Plaintiff has not pleaded that it was a party to the escrow trust agreement. As a general rule, only a party to a contract or those in privy with him may sue to enforce a contract. In order for a third party to enforce a contract, it must be shown that there was a contractual intent to benefit the third person, or, in other words, that the third party was the direct and intended beneficiary of the contract. (*People ex rel. Resnik v. Curtis & Davis, Architects & Planners, Inc.* (1980), 78 Ill. 2d 381, 400 N.E.2d 918; *Dale v. Groebe & Co.* (1981), 103 Ill. App. 3d 649, 431 N.E.2d 1107.) Similarly, the test for determining who is the beneficiary of an express trust is intent of the parties imposing the trust (Restatement (Second) of Trusts sec. 127 (1959)), and this intention will be ascertained in the first instance, from the express language of the document creating the trust. (See, *e.g., Koppers Co. v. Garling & Langlois* (6th Cir. 1979), 594 F.2d 1094.) The document creating the construction loan escrow trust at bar specifically states that "[t]he undersigned agrees that this agree-

ment shall not be construed as, nor is it the intent of any of the parties hereto to give any benefits, rights, privileges, actions or remedies to any person, partnership or corporation other than Chicago Title and Trust Company, COLUMBIA NATIONAL BANK OF CHICAGO (Lender), and Wheeling Trust & Savings Bank, as Trustee *** (Owner/Borrower), *under a third party beneficiary theory or otherwise.*" (Emphasis added.) Thus, it appears from the unambiguous language of the agreement that the manifest intent of the contracting parties was, *inter alia*, to exclude subcontractors as third-party beneficiaries of the express trust. Moreover, aside from this manifest intention to preclude third-party beneficiary claims, we agree with Chicago Title's assertion on appeal that a fair reading of the balance of the agreement shows that its foremost purpose was to protect the security interests of the lender against possible mechanics' lien claims. Thus, we do not believe it plausible that the subcontractors, including Bescor, were any more than mere incidental beneficiaries of the express trust. (See *Koppers*.) We believe that count XIII fails to state a cause of action for breach of trust, and also that as a matter of law, Chicago Title incurred no liabilities to plaintiff as a third-party beneficiary of the construction loan escrow trust agreement. The trial court therefore was correct in dismissing count XIII.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

WILSON, P.J., and LORENZ, J., concur.