GERARD T. ROWAN, Plaintiff-Appellant, v. C. J. NOVOTNY, Defendant-Appellee.

First District (5th Division)   No. 85—1937

Opinion filed June 26, 1987.

SULLIVAN, P.J., dissenting.

Arthur R. Ehrlich, of Goldman & Marcus, of Chicago, for appellant.

James A. Christman and Kathy Pinkstaff Saxton, both of Wildman, Harrold, Allen & Dixon, of Chicago, for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff appeals from the May 22, 1985, order of the circuit court which dismissed his amended two-count complaint with prejudice.

He contends that (1) his complaint is not barred by the statute of limitations pursuant to the discovery rule; (2) the letter which the defendant wrote in reply to a request by the Department of Labor's Workers' Compensation Commission exceeded the scope of his privilege; (3) sufficient facts were contained within the complaint to support the allegations of malice; and (4) the complaint alleged special damages.

We vacate and remand.

Count I of plaintiff's amended two-count complaint purports to state a cause of action based upon libel *per quod*, while count II purports to state a cause of action based upon libel *per se*. The amended complaint alleged that the plaintiff was employed by the United States Postal Service and that during the course of his employment he sustained injuries and was required to process his claims for injury with the Office of Workers' Compensation Programs, Employment Standards Administration, United States Department of Labor, and that during the processing of his claim defendant was requested to supply information regarding plaintiff's condition. Plaintiff alleges that the information provided by defendant was libelous.

In his motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, sec. 2—619), defendant advanced numerous arguments, including the following: (1) plaintiff's complaint was barred because it was filed more than one year after publication of the last of defendant's writings regarding plain-

tiff; (2) plaintiff failed to exercise due diligence to discover his cause of action; (3) the document to which plaintiff referred was privileged communication inasmuch as it was written at the request of plaintiff's employer; (4) the communications were also privileged because plaintiff was a public employee employed by the United States Postal Service; (5) plaintiff failed to set forth facts to demonstrate actual malice on defendant's part; (6) count I failed to allege special damages; and (7) count II failed to state a cause of action based upon libel *per se.*

■ On May 22, 1985, the circuit court granted defendant's motion to dismiss with prejudice without stating the basis for the dismissal and without specifying the code section upon which the dismissal was made. In addition plaintiff has failed to provide this court with a transcript of proceedings of May 22, 1985, and we are therefore unable to reach the merits of the appeal.

It appears that the defendant and the circuit court misapplied the appropriate sections of the Code of Civil Procedure pertaining to this motion. Unfortunately, this misapplication of the Code is not an infrequent trial practice. (See *Davis v. Keystone Printing Service, Inc.* (1982), 111 Ill. App. 3d 427, 444 N.E.2d 253.) This procedure should not be countenanced by trial judges and although not always fatal it will require reversal if prejudice results to nonmovant. (*Premier Electric Construction Co. v. La Salle National Bank* (1983), 115 Ill. App. 3d 638, 450 N.E.2d 1360.) The consequences of confusing code sections may be severe. For example, in *Andre v. Blackwell Electronics Industrial Co.* (1972), 7 Ill. App. 3d 970, 289 N.E.2d 27, this court reversed the dismissal of a complaint on a motion under the predecessor of section 2—619. One of the arguments defendant made in support of the dismissal was that the complaint failed to state a cause of action. We held that this argument was improperly raised on appeal because the complaint was dismissed on a motion under the predecessor of section 2—619 and the argument that the complaint failed to state a cause of action addressed itself to the predecessor of section 2—615 of the Code of Civil Procedure.

■ The purpose of section 2—619 is primarily that of affording a means of obtaining at the outset of a case a summary disposition of issues of law or of easily proved issues of fact. The basis of the motion must go to an entire claim or demand. (Ill. Ann. Stat., ch. 110, par. 2—615, Historical and Practice Notes (by Albert E. Jenner, Jr., Philip W. Tone and Arthur M. Martin) (Smith-Hurd 1985).) Although defects that appear on the face of the pleading attacked may, according to the letter of the section, be reached by a section

2—619 motion, the section is not designed for that purpose. (*Leitch v. Hine* (1946), 393 Ill. 211, 66 N.E.2d 90.) In other words, if the only ground of a motion is a defect that appears on the face of the pleading attacked the appropriate method of reaching that defect is by a motion under section 2—615.

■ In this appeal the defendant's contentions that the complaint failed to demonstrate actual malice, failed to state a cause of action based upon libel *per se* and failed to allege special damages were not properly before the trial court and are not properly before us. Motions made pursuant to section 2—619 of the Code of Civil Procedure must be limited to one of the nine grounds enumerated therein. (*Phillips Construction Co. v. Muscarello* (1976), 42 Ill. App. 3d 151, 355 N.E.2d 567.) A failure to allege special damages and failure to state a cause of action are not arguments to be advanced through a section 2—619 motion but rather through a section 2—615 motion. (Ill. Rev. Stat. 1985, ch. 110, par. 2—615; see *Andre v. Blackwell Electronics Industrial Co.* (1972), 7 Ill. App. 3d 970, 289 N.E.2d 27.) It would be improper and unjust to allow the defendant to attack the complaint after failing to file a proper motion pointing out specifically the defects complained of as required by statute (Ill. Rev. Stat. 1985, ch. 110, par. 2—615) because the purpose of the statute is to give the plaintiff an opportunity to respond to the objection and to cure the defect in the trial court. *Michigan Avenue National Bank v. State Farm Insurance* (1980), 83 Ill. App. 3d 507, 404 N.E.2d 426.

■ Moreover, defendant's contention that plaintiff's complaint is barred by the statute of limitations was improperly entertained as a motion to dismiss. The limitations period applicable to actions for defamation is one year. (Ill. Rev. Stat. 1985, ch. 110, par. 13—201.) Plaintiff's complaint was filed July 22, 1983. He states, within the complaint, that he first became aware of the libelous nature of the statement on March 18, 1985. As a general rule the starting of a limitation period is postponed until after plaintiff has knowledge or should have knowledge of defendant's wrongful acts. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976.) A statute of limitations defense should not be raised by a section 2—619 motion unless it affirmatively appears from the pleading attacked that the cause is barred by the appropriate statute of limitations. *Stanley v. Chastek* (1962), 34 Ill. App. 2d 220, 180 N.E.2d 512.

■ The question presented here as to whether plaintiff knew or had reasonable grounds to know of the libelous nature of defendant's letter is a question of fact. Once plaintiff's allegations have

withstood a section 2—619 motion, the preferable alternative is to remand, thereby permitting the defendant to put the matter in issue as a question of fact by filing an answer. *Bebee v. Fields* (1979), 79 Ill. App. 3d 1009, 398 N.E.2d 1214.

Here, not only has defendant consistently misapplied section 2—619 but, in addition, the circuit court allowed such confusion to continue. The motion practice utilized by defendant below and acquiesced in by the trial court cannot be sanctioned. Because of the commingling of motions for relief under sections 2—615 and 2—619, we could only speculate as to whether the circuit court has found a failure to state a cause of action or has found that some affirmative matter precludes relief, thus necessarily finding that a cause of action was stated. We will not so speculate because to do so could cause prejudice to either party.

Accordingly, we vacate the judgment of the circuit court of Cook County and remand for further proceedings consistent with this opinion.

Vacated and remanded for further proceedings.

MURRAY, J., concurs.

PRESIDING JUSTICE SULLIVAN, dissenting:

The majority vacates the judgment granting defendant's motion to dismiss with prejudice because, as stated in its opinion, "not only has defendant consistently misapplied section 2—619 but, in addition, the circuit court allowed such confusion to continue. The motion practice utilized by defendant below and acquiesced in by the trial court cannot be sanctioned. Because of the commingling of motions for relief under sections 2—615 and 2—619, we could only speculate as to whether the circuit court has found a failure to state a cause of action or has found that some affirmative matter precludes relief, thus necessarily finding that a cause of action was stated. We will not so speculate because to do so could cause prejudice to either party." 157 Ill. App. 3d at 695.

However, as the majority also pointed out in its opinion, a judgment should not be set aside because of a commingling in a motion to dismiss of grounds under both sections 2—615 and 2—619 unless the commingling results in prejudice to the nonmovant. (*Wilde v. First Federal Savings & Loan Association* (1985), 134 Ill. App. 3d 722, 729, 480 N.E.2d 1236; *Cali v. DeMattei* (1984), 121 Ill. App. 3d 623, 628, 460 N.E.2d 121; *Premier Electric Construction Co. v. La*

*Salle National Bank* (1983), 115 Ill. App. 3d 638, 641-43, 450 N.E.2d 1360.) Because the majority has made no finding of prejudice and since plaintiff makes no contention that he was prejudiced, it follows that *vacatur* is inappropriate and that this appeal should be decided on its merits.

Furthermore, contrary to the expression of the majority, it should not be required to speculate on the basis for the trial court's ruling. It would only be necessary that this court consider the issues presented and argued here by the parties. They are (a) whether plaintiff's complaint was timely under the discovery rule, (b) whether defendant's letter exceeded the scope of his privilege and (c) whether plaintiff's complaint alleged special damages. Issues (a) and (b) clearly set forth grounds under sections 2—619(5) and 2—615(9), respectively, and (c) is clearly a ground under section 2—615. In remanding for further proceedings consistent with its opinion the majority does not delineate "the further proceedings," but it would appear to require that defendant present separate motions under sections 2—615 and 2—619 for rulings by the trial court. This, of course, would result only in a representation in a later appeal of the same issues that are now before us. In view thereof, judicial expediency suggests that they be considered now. See *Bescor, Inc. v. Chicago Title & Trust Co.* (1983), 113 Ill. App. 3d 65, 446 N.E.2d 1209, where the court stated in a footnote:

> "This 'hybrid' procedure of combining a motion under section 45 [now 2—615] and a motion under section 48 [now 2—619] has been disapproved. (See *Moreno v. Joe Perillo Pontiac, Inc.* (1983), 112 Ill. App. 3d 670; see also *James v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 312 N.E.2d 605.) Nonetheless in the interest of judicial economy and to avoid delay we do not remand because of the foregoing but consider each of the issues thereby presented." 113 Ill. App. 3d 65, 66.