WAYNE T. LOFTHOUSE, Special Adm'r of the Estate of Nancy M. Hendrickson, Deceased, Plaintiff-Appellant, v. SUBURBAN TRUST AND SAVINGS BANK OF OAK PARK et al., Defendants-Appellees.

First District (2nd Division) No. 1—88—2321

Opinion filed June 27, 1989.

Wayne T. Lofthouse, of Mueller, Alspaugh & Lofthouse, of Chicago, appellant *pro se.*

Ellyn B. Dorf and Victor J. Piekarski, both of Querrey & Harrow, Ltd., of Chicago, for appellees.

JUSTICE SCARIANO delivered the opinion of the court:

Plaintiff presents the following issue for review: whether the trial court erred in dismissing plaintiff's complaint pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—619), where it was not shown that his action was barred by a statute of limitations because: (a) the pleading attacked did not affirmatively show that the action was barred by the appropriate statute of limitations; (b) whether there was a loss to defendants due to plaintiff's delay is a question of fact that the court below improperly disposed of in granting defendants' section 2—619 motion to dismiss; or (c) *laches* was improperly considered by the court in defendants' section 2—619 motion to dismiss.

On January 12, 1983, a draft in the amount of $6,939.59 representing the proceeds from the sale of certain stock held by the subject estate was issued by Langill & Co., designating William W. Hall, executor of the estate of Nancy M. Hendrickson, as payee; defendant Northern Trust was the drawer bank. On January 15, 1983, defendant Suburban Trust accepted the check for deposit into the personal account of one Joseph Collins. The check was endorsed as follows: "Paid to the order of Joseph A. Collins—William W. Hall, Executor of the Estate of Nancy Hendrickson." Hall's signature was a forgery.

On September 12, 1986, plaintiff Wayne T. Lofthouse was appointed special administrator of the estate of Nancy M. Hendrickson. On August 10, 1987, plaintiff filed a complaint seeking to recover from defendants $6,939.59, representing the proceeds from the forged instrument, plus interest and costs, asserting that the signature of William W. Hall was a forgery.

Both defendants filed motions to dismiss based on sections 2—615

and 2—619 of the Code of Civil Procedure. (Ill. Rev. Stat. 1987, ch. 110, pars. 2—615, 2—619.) The motions to dismiss pursuant to section 2—619 relied on two separate grounds: (1) that plaintiff failed to commence his action within the requisite period of the statute of limitations found in section 4—207(4) of the Uniform Commercial Code (Ill. Rev. Stat. 1985, ch. 26, par. 4—207(4)), and (2) that the action was barred by the doctrine of *laches*. Plaintiff did not provide a written response to defendants' motions. After hearing argument on June 29, 1988, the trial court, without the benefit of the services of a court reporter, granted defendants' section 2—619 motions to dismiss; however, the order fails to state the reasons the judge relied upon in granting the motions.

On appeal, plaintiff first asserts that since the pleading attacked did not affirmatively show that the action was barred by the appropriate statute of limitations, defendants' motions should have been denied by the trial court. (*Rowan v. Novotny* (1987), 157 Ill. App. 3d 691, 510 N.E.2d 1111.) In *Rowan*, the court held that the limitations period does not begin to run until after the plaintiff has knowledge or should have knowledge of defendant's wrongful acts (*Rowan*, 157 Ill. App. 3d 691, citing *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 430 N.E.2d 976), and that whether plaintiff knew or had reasonable grounds to know of the libelous nature of defendant's letter was a question of fact; accordingly, the statute of limitations defense was improperly entertained in a section 2—619 motion to dismiss. *Rowan*, 157 Ill. App. 3d at 694.

Plaintiff argues that similarly, in the present case, it is also a question of fact as to when the statute of limitations began to run because, although the forged instrument was negotiated nearly four years and eight months before the filing of the present suit, plaintiff was not named special administrator of the estate of Nancy M. Hendrickson until September 12, 1986, less than a year prior to the filing of this lawsuit. Thus, plaintiff contends, questions of fact are raised as to when the "reasonable time" set forth in section 4—207(4) of chapter 26 began to run, what constitutes a "reasonable time," and when he knew or should have known of the injury to the estate.

Section 4—207(4) (Ill. Rev. Stat. 1985, ch. 26, par. 4—207(4)) provides as follows:

> "Unless a claim for breach of warranty under this Section is made within a reasonable time after the person claiming learns of the breach, the person liable is discharged to the extent of any loss caused by the delay in making the claim."

Plaintiff cites a Seventh Circuit United States Court of Appeals case

for its definition of what constitutes a "reasonable time":

> "What notification would be deemed 'reasonable' in a specific case depends, of course, upon the activities reviewed and the surrounding circumstances [citations]. In some cases, quite lengthy delays in reporting forgeries will not defeat the warranty claim if no damages resulted from the delays. *E.g. Michigan National Bank v. American Nat. B. & T. Co.*, 34 Ill. App. 3d 30, 339 N.E.2d 375 (1975)." (*Home Indemnity Co. v. First National Bank* (7th Cir. 1981), 659 F.2d 796, 799.)

In *Home Indemnity*, the court relied on section 4—207(4) and upheld the defendant's motion for summary judgment because of plaintiff's unreasonable delay. However, plaintiff urges, in *Home Indemnity*, there was ample evidence through discovery to determine that plaintiff engaged in dilatory behavior and that this delay occurred while plaintiff had knowledge of the forgery. In the case at bar, he contends, no such circumstances were present, claiming, instead, that the record is devoid of any evidence to determine what a "reasonable time" would have been in this case because discovery was never pursued. Plaintiff insists that this was a disputed issue of material fact improperly determined by the trial court, and that the dismissal of his cause should be reversed and the amended complaint reinstated.

■ Thus, the issue in this case becomes quite simple: whether the trial court's dismissal of plaintiff's action pursuant to section 2—619 of our Code of Civil Procedure was supported by the record. In reviewing the dismissal of a complaint or an order granting judgment on the pleadings, the appellate court may affirm on any basis found in the record. (*Fischer v. Mann* (1987), 161 Ill. App. 3d 424, 514 N.E.2d 566, citing *Goldberg v. Goldberg* (1981), 103 Ill. App. 3d 584, 587, 431 N.E.2d 1060.) The absence of reasons in the trial court's order rendering judgment in this cause and the lack of a transcript of the hearing at which the arguments were made leading to that judgment present no obstacle to our review, for where the record on appeal is incomplete, a reviewing court is to presume that the trial court's judgment was in conformance with the law and based on sufficient facts. (*Davis v. Allstate Insurance Co.* (1986), 147 Ill. App. 3d 581, 498 N.E.2d 246.) Since that presumption has not been overcome by plaintiff here, we affirm the trial court for the reason that its decision was amply supported by facts in the record which show that plaintiff failed to commence his action in conformity with the requirements of the statute of limitations found in section 4—207(4) (Ill. Rev. Stat. 1985, ch. 26, par. 4—207(4)).

■ As previously noted, plaintiff argues that the question of

"reasonable time" is one of fact which may not be entertained in a motion to dismiss, citing *Michigan National Bank* and *Home Indemnity*. However, neither case stands for such a proposition. In fact, both cases, in disposing of the issue of "reasonable time," affirm the granting of summary judgment. In the case at bar, a time lag of over 4½ years before suit was filed clearly supports the trial court's finding that such a delay was beyond a "reasonable time." We note that in *Home Indemnity*, the delay deemed unreasonable was six weeks; in *Michigan National Bank*, the unreasonable lapse of time was six months. Surely 4½ years is an excessive length of time for the subject estate to have waited before filing its claim, especially in light of the well-recognized fact that the banking industry is anything but static. That plaintiff was not appointed special administrator until 11 months before suit was filed entitles him to no special consideration, for the estate had the legal capacity to sue through its executor throughout his entire tenure, and if he were performing his duty, he either knew or should have known that the funds were missing and should have diligently pursued a claim for their recovery.

The failure of the estate to bring suit within a reasonable time operates to discharge defendants of liability under the statute to the extent of any loss caused by the delay. In the case *sub judice*, this would be the entire amount, for if the claim had been timely made, defendants could have exercised their rights to pursue various remedies against the forger, or after his death, against his estate. The forger, Collins, died on September 7, 1985, some 32 months after the forgery. His estate was opened and letters of office issued out of the circuit court of Cook County on May 8, 1986. Any rights which could have been pursued by defendants were forever barred on November 8, 1986, pursuant to section 18—12 of the Probate Act, which requires all claims against an estate to be filed within six months from the date of the original issuance of letters of office. (Ill. Rev. Stat. 1985, ch. 110½, par. 18—12(a).) Thus, recourse can no longer be had against Collins' estate.

Plaintiff, however, maintains that since Collins' estate was always insolvent, defendants suffer no loss. This argument fails to acknowledge the avenues of recourse open to defendants before Collins' death: Suburban Trust could have contacted Northern (the drawer bank) or Langill & Co. (the payor) to issue a stop payment order on the check; Suburban Trust could have forced Collins to recredit his account; and either defendant could have pursued a legal action against Collins. Inasmuch as the record supports the trial court's decision, we affirm.

Having held that the trial court was correct in its determination that plaintiff's action was time barred, it becomes unnecessary to consider plaintiff's remaining issues.

Affirmed.

BILANDIC, P.J., and DiVITO, J., concur.