# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

### *Simmons v. Campion*, 2013 IL App (3d) 120562

---

| | |
|---|---|
| Appellate Court Caption | GREG SIMMONS, Plaintiff-Appellant, v. MICHAEL A. CAMPION, and CAMPION, BARROW AND ASSOCIATES, Defendants-Appellees. |
| | |
| District & No. | Third District<br>Docket No. 3-12-0562 |
| | |
| Rule 23 Order filed<br>Motion to publish<br>allowed<br>Opinion filed | May 8, 2013<br><br>June 25, 2013<br>June 25, 2013 |
| | |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | Policeman's actions for damages under section 15 of the Mental Health and Developmental Disabilities Confidentiality Act, tortious interference with a contractual or business relationship and fraudulent and negligent misrepresentation arising from the disclosure of a psychological evaluation ordered by the police chief were properly dismissed, since the Act gave the evaluator the discretion to disclose the evaluation based on his belief that plaintiff posed a threat of inflicting injury or disease on himself or another, the evaluator's conduct was justified and privileged for purposes of the tortious interference claim, and for purposes of the fraudulent and negligent misrepresentation claims, the evaluator gave an opinion that plaintiff was not fit for duty, not a statement of fact, and there was no indication plaintiff relied on that opinion, but even if he did, the reliance was not reasonable. |
| | |
| Decision Under Review | Appeal from the Circuit Court of Tazewell County, No. 08-L-46; the Hon. Scott A. Shore and the Hon. Stuart P. Borden, Judges, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on<br>Appeal | Shane M. Voyles (argued), of Policemen's Benevolent Labor Committee, of Springfield, for appellant. |
| | Robert Marc Chemers, Scott L. Anderson, Philip G. Brandt (argued), and Stephen C. Veltman, all of Pretzel & Stouffer, Chtrd., of Chicago, for appellees. |
| Panel | JUSTICE CARTER delivered the judgment of the court, with opinion.<br>Justices Lytton and O'Brien concurred in the judgment and opinion. |

**OPINION**

¶ 1     In 2008, the plaintiff, Greg Simmons, filed a civil complaint against the defendants, Dr. Michael Campion and Campion, Barrow & Associates, in regard to a psychological evaluation that Dr. Campion performed on the plaintiff in 2006. In January 2012, the plaintiff was allowed to file a third amended complaint. The defendants filed a motion to dismiss, which the circuit court granted after a hearing. On appeal, the plaintiff argues that the court erred when it dismissed the complaint pursuant to section 2-615 of the Code of Civil Procedure (the Code) (735 ILCS 5/2-615 (West 2010)) and section 2-619 of the Code (735 ILCS 5/2-619 (West 2010)). We affirm.

¶ 2                                        FACTS

¶ 3     The city of Pekin hired the plaintiff as a police officer in 1995. In March 2006, the Pekin police chief ordered the plaintiff to submit to a psychological evaluation. Defendant Dr. Michael Campion, a psychologist, performed the evaluation at his place of business on March 23, 2006, where the plaintiff signed a form stating that he understood the process and that contained the following paragraph:

"It is important to remember that the testing experience IS NOT confidential in that, in most cases, an agency, physician, insurance company, or attorney has requested a report. You should have been informed of this prior to your participation in this process. However, if you have not been informed, please feel free to discuss this with Dr. Campion or a staff member. You will be asked to sign a Release of Information that will designate to whom the report will be sent." (Emphasis in original.)

The next day, the police department informed the plaintiff that he had been found unfit for duty and that he was prohibited from entering the police department.

¶ 4 On March 28, 2006, the plaintiff signed a form that stated he agreed the defendants could release the results of the psychological evaluation to the police chief or his designee. The form also stated that the plaintiff retained his right to confidentiality and other rights available to him under the Mental Health and Developmental Disabilities Confidentiality Act (the Act) (740 ILCS 110/1 *et seq.* (West 2006)). On March 30, 2006, the plaintiff signed another form in which he agreed to allow the defendants to release the results of the psychological evaluation to the police chief and the Pekin police department.

¶ 5 Dr. Campion's written report was issued in mid-April 2006. In that report, Dr. Campion opined that the plaintiff suffered from a personality disorder, which included narcissistic, aggressive, and paranoid features. Dr. Campion recommended that the plaintiff undergo bi-weekly therapy with a licensed psychologist for a period of 12 months and that he submit to a psychiatric evaluation. In early May 2006, the Pekin police department ordered the plaintiff to comply with Dr. Campion's recommendations and to have his therapist report his progress to Dr. Campion.

¶ 6 The plaintiff obtained three independent psychological evaluations between May and November 2006; all three psychologists disagreed with Dr. Campion's diagnoses and recommendations.

¶ 7 Based on Dr. Campion's finding that the plaintiff was not fit for duty, the plaintiff was not allowed to work for the Pekin police department between late March 2006 and September 2008.

¶ 8 The plaintiff initiated the instant case in 2008 when he filed a civil complaint against the defendants in which he alleged professional negligence in connection with the March 2006 psychological evaluation. The plaintiff was allowed to amend the complaint twice. The second amended complaint listed four causes of action: (1) professional negligence; (2) fraudulent misrepresentation; (3) negligent misrepresentation; and (4) an action for damages under section 15 of the Act (740 ILCS 110/15 (West 2006)).

¶ 9 On December 7, 2011, the circuit court held a hearing on the defendants' combined motion for summary judgment and to dismiss. After the hearing, the court granted summary judgment in favor of the defendants on count I and granted dismissal without prejudice pursuant to section 2-615 of the Code on counts II, III, and IV. The court also gave the plaintiff time to file an amended complaint.

¶ 10 On January 4, 2012, the plaintiff filed a third amended complaint in which he listed four causes of action: (1) an action for damages under section 15 of the Act; (2) tortious interference with a contractual or business relationship; (3) fraudulent misrepresentation; and (4) negligent misrepresentation. In the first cause of action, the plaintiff alleged that the defendants provided "mental health services" to the plaintiff as defined by the Act and then disclosed confidential mental health information in violation of the Act. In the second cause of action, the plaintiff alleged that the defendants' disclosures interfered with the plaintiff's contractual employment agreement with the Pekin police department. In the third cause of action, the plaintiff alleged that the defendants misrepresented the plaintiff's mental health to the Pekin police department or at least commented on the plaintiff's mental health without knowing whether those comments were true. The plaintiff's fourth cause of action was an

alternative theory to the third cause of action and alleged that the defendants negligently misrepresented the plaintiff's mental health to the Pekin police department.

¶ 11 Among the facts alleged in the complaint were several statements regarding Dr. Campion's opinion of the danger posed by the plaintiff: (1) "Defendants told administrators at the Pekin Police Department that it 'should take usual and customary procedures to deal with the possibility of aggressive acting out behavior by Officer Simmons' " (emphasis omitted); (2) "Defendants told administrators at the Pekin Police Department that 'There are some indications from his testing that [the plaintiff's] resentment may mount into periods of manic excitement or into acts of brutal hostility' "; (3) the plaintiff "may exhibit a readiness to attack those he distrusts"; (4) the plaintiff " 'tries to outwit others by controlling and exploiting them before they can control and exploit him' "; and (5) "Defendant labeled Plaintiff with the DSM-IV Axis II diagnosis of 301.9, 'Personality Disorder NOS (With Narcissist, Aggressive, and Paranoid Personality Features).' "

¶ 12 In response to the plaintiff's third amended complaint, the defendants filed a combined motion to dismiss pursuant to sections 2-615 and 2-619 of the Code (735 ILCS 5/2-615, 2-619 (West 2010)). Among the exhibits attached to the motion was an affidavit from Dr. Campion in which he stated that the disclosure of the fitness-for-duty evaluation was made not only with the plaintiff's consent, but also "in good faith to otherwise protect another person against a clear, imminent risk of serious physical or mental injury or disease or death being inflicted by the recipient on another." Also included in the exhibits was the plaintiff's deposition testimony in which the plaintiff stated, *inter alia*, that he knew he was going to see Dr. Campion for a fitness-for-duty evaluation after being ordered to do so by the chief.

¶ 13 On June 18, 2012, the circuit court issued a written order in which it granted the defendants' motion to dismiss the third amended complaint. In so ruling, the court found, *inter alia*, that the plaintiff could not have reasonably expected nor relied upon any confidentiality claim with regard to the evaluation. The court also found that the plaintiff could not plead or establish any duty owed to him by the defendants, as there was no therapeutic relationship between the plaintiff and Dr. Campion under the Act or any other legal standard. The court also noted that the plaintiff signed a form that stated the evaluation was not confidential and the report would be sent to individuals designated by the plaintiff in a release of information form.

¶ 14 The court also found that even if confidentiality applied, section 11(ii) of the Act would immunize the defendants from liability for the disclosure. The court stated that Dr. Campion's disclosure was intended to protect the public from an officer who had been found unfit for duty, and "[s]uch judgment call is within the sole discretion of the mental health professional and, as pointed out by the defense, the Plaintiff offers no counter-affidavit or evidence to suggest bad faith in so communicating his findings."

¶ 15 The court ruled that the plaintiff's complaint failed to state any cause of action and was therefore subject to dismissal under section 2-615 of the Code. The court also found that the complaint was subject to dismissal under section 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(9) (West 2010)) because the defendants had established affirmative matters to defeat the plaintiff's causes of action. Accordingly, the court dismissed the complaint with

prejudice.

¶ 16    The plaintiff filed a notice of appeal from the circuit court's rulings of December 7, 2011, and June 18, 2012.

¶ 17                                    ANALYSIS

¶ 18    Before we address the plaintiff's arguments, we will first address a motion that the defendants filed with this court that asks us to dismiss the plaintiff's appeal from the circuit court's ruling of December 7, 2011. In part, that ruling granted summary judgment in favor of the defendants on the plaintiff's professional negligence claim. On appeal, the defendants argue that because the plaintiff did not preserve his professional negligence claim after the court's ruling on December 7, 2011, no appeal may lie from that ruling.

¶ 19    " 'Where an amendment is complete in itself and does not refer to or adopt the prior pleading, the earlier pleading ceases to be a part of the record for most purposes, being in effect abandoned and withdrawn.' " *Foxcroft Townhome Owners Ass'n v. Hoffman Rosner Corp.*, 96 Ill. 2d 150, 154 (1983) (quoting *Bowman v. County of Lake*, 29 Ill. 2d 268, 272 (1963)). In this case, the plaintiff's third amended complaint did not incorporate or reference the professional negligence claim from the plaintiff's previous complaints. The plaintiff has made no attempt on appeal to challenge the court's ruling from December 7, 2011, and counsel for the plaintiff confirmed at oral argument that the plaintiff had no intention of challenging that ruling. Under these circumstances, we hold that the plaintiff abandoned any challenge to the court's ruling on the professional negligence claim. Accordingly, we grant the defendants' motion to dismiss the appeal from the court's December 7, 2011, order and limit our consideration of the appeal to the June 18, 2012, order.

¶ 20    On appeal, the plaintiff argues that the circuit court erred when it dismissed the complaint pursuant to sections 2-615 and 2-619(a)(9) of the Code. The plaintiff contends that he sufficiently pled each of the four causes of action in the complaint and that the court erred when it found that the defendants had sufficiently pled affirmative matters that defeated the complaint.

¶ 21    Under section 2-619.1 of the Code, a party may file a motion to dismiss that combines motions on the pleadings under section 2-615 and motions for involuntary dismissal under section 2-619. 735 ILCS 5/2-619.1 (West 2010). A motion to dismiss a complaint pursuant to section 2-615 of the Code challenges the legal sufficiency of a complaint by alleging that it fails to state a claim on which relief can be granted. *Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 147 (2002). In contrast, a motion to dismiss filed pursuant to section 2-619 of the Code admits the legal sufficiency of the complaint, but raises a defense that allegedly defeats the complaint. *Patrick Engineering, Inc. v. City of Naperville*, 2012 IL 113148, ¶ 31. Under section 2-619(a)(9) of the Code–the section cited by the defendants in this case–a party seeks involuntary dismissal by arguing that the claims are "barred by other affirmative matter avoiding the legal effect of or defeating the claim[s]." 735 ILCS 5/2-619(a)(9) (West 2010). When we review motions filed pursuant to sections 2-615 and 2-619 of the Code, we accept all well-pled facts as true and accord all reasonable inferences to the nonmoving party. *Patrick Engineering*, 2012 IL 113148, ¶ 31. However, we will disregard all legal and factual

conclusions in the complaint that are not supported by specific factual allegations. *Patrick Engineering*, 2012 IL 113148, ¶ 31. We review a circuit court's decision on a motion to dismiss pursuant to section 2-615 or 2-619 of the Code under the *de novo* standard. *Patrick Engineering,* 2012 IL 113148, ¶ 31.

¶ 22   Our review will focus on the circuit court's dismissal pursuant to section 2-619(a)(9) of the Code. Pleadings, depositions, and affidavits can be considered when faced with a motion to dismiss filed pursuant to section 2-619 of the Code. *Raintree Homes, Inc. v. Village of Long Grove*, 209 Ill. 2d 248, 262 (2004). We also note that we can affirm the court's decision on any basis supported by the record. *Lofthouse v. Suburban Trust & Savings Bank of Oak Park*, 185 Ill. App. 3d 889, 892 (1989).

¶ 23                     I. ACTION FOR DAMAGES UNDER SECTION 15

¶ 24   First, the plaintiff contends he sufficiently pled a cause of action for damages under section 15 of the Act. The plaintiff posits several arguments in support of his position on this issue. We disagree with all of them.

¶ 25   Section 15 of the Act authorizes a person to sue for damages or other appropriate relief if that person has been aggrieved by a violation of the Act's provisions. 740 ILCS 110/15 (West 2006). In relevant part, the Act generally provides that a recipient of mental health services, and the recipient's therapist, "has the privilege to refuse to disclose and to prevent the disclosure of the recipient's record or communications," with certain exceptions. 740 ILCS 110/10(a) (West 2006). The Act defines mental health services as including "examination, diagnosis, evaluation, treatment, training, pharmaceuticals, aftercare, habilitation or rehabilitation." 740 ILCS 110/2 (West 2006). The Act does not specifically mention the disclosure of the results of a police officer's fitness evaluation to the officer's superiors. *Sangirardi v. Village of Stickney*, 342 Ill. App. 3d 1, 14 (2003).

¶ 26   It is unnecessary for us to determine whether the Act actually applies in this case because even assuming, *arguendo*, that it did apply, the plaintiff's cause of action would not survive a motion to dismiss filed pursuant to section 2-619 of the Code. If the Act did apply to the facts of this case, one of the issues that would have to be addressed is whether section 11 of the Act (740 ILCS 110/11 (West 2006)) would immunize the defendants from liability for their disclosure. Section 11(ii) provides for the disclosure of records and communications:

"[W]hen, and to the extent, a therapist, in his or her sole discretion, determines that disclosure is necessary to initiate or continue civil commitment proceedings under the laws of this State or to otherwise protect the recipient or other person against a clear, imminent risk of serious physical or mental injury or disease or death being inflicted upon the recipient or by the recipient on himself or another[.]" 740 ILCS 110/11(ii) (West 2006).

Based on the pleadings and supporting materials filed in this case, Dr. Campion believed that the plaintiff posed the type of threat described in section 11(ii) of the Act and made his disclosure, in part, pursuant to that belief. Section 11(ii) of the Act places that discretion solely with the therapist, and, as the circuit court noted, the pleadings and the exhibits do not contain anything to suggest that the disclosure pursuant to that belief was made in bad faith.

Under these circumstances, we hold that the plaintiff's cause of action for damages under section 15 of the Act was properly dismissed pursuant to section 2-619(a)(9) of the Code.

¶ 27                    II. TORTIOUS INTERFERENCE WITH A CONTRACTUAL
                              OR BUSINESS RELATIONSHIP

¶ 28    Second, the plaintiff argues that he sufficiently pled a cause of action for tortious interference with a contractual or business relationship.

¶ 29    The elements of the tort of intentional interference with existing contract rights are:

"(1) the existence of a valid and enforceable contract between the plaintiff and another; (2) the defendant's awareness of this contractual relation; (3) the defendant's intentional and unjustified inducement of a breach of the contract; (4) a subsequent breach by the other, caused by the defendant's wrongful conduct; and (5) damages. [Citation.]" (Internal quotation marks omitted.) *HPI Health Care Services, Inc. v. Mt. Vernon Hospital, Inc.*, 131 Ill. 2d 145, 154-55 (1989).

The issue on appeal centers on the third element.

¶ 30    In an action for interference with contract, if a defendant's conduct is privileged, the plaintiff carries the burden of pleading and proving that the conduct was malicious. *HPI Health Care Services*, 131 Ill. 2d at 156-57 (describing "malicious" conduct as that which intentionally interferes with the plaintiff's contract and is unjustified). In determining whether a defendant's conduct is privileged, "[c]ourts will recognize a privilege in intentional interference with contract cases where the defendant was acting to protect an interest which the law deems to be of equal or greater value than the plaintiff's contractual rights." *HPI Health Care Services*, 131 Ill. 2d at 157.

¶ 31    We believe the Fourth District's decision in *Turner v. Fletcher*, 302 Ill. App. 3d 1051 (1999), is instructive on this issue. In *Turner*, a university police officer was placed on leave in November 1995 after Dr. David Fletcher found the officer to be unfit for duty. *Turner*, 302 Ill. App. 3d at 1053-54. The officer sued Dr. Fletcher, alleging, *inter alia*, tortious interference with contract. *Turner*, 302 Ill. App. 3d at 1054. The circuit court dismissed the officer's complaint pursuant to Dr. Fletcher's section 2-619 motion. *Turner*, 302 Ill. App. 3d at 1054. On appeal, the Fourth District affirmed the circuit court's decision, finding, in relevant part, that Dr. Fletcher's right to "freely render an opinion" was an interest superior to the officer's contractual right. *Turner*, 302 Ill. App. 3d at 1058. In part, the Fourth District cited policy considerations for its decision:

"Sound public policy supports recognition of a privilege for statements made under the circumstances of this case. An effective process for evaluating fitness of police officers is essential to ensuring public safety and maintaining a reliable, responsible police force. Subjecting evaluators who conscientiously fulfill their contractual obligations to provide such evaluations to the apprehension that such work may subject them to civil suits would cripple the effective administration of such evaluations." *Turner*, 302 Ill. App. 3d at 1056.

The Fourth District's reasoning in *Turner* is equally applicable to the facts of the instant case

and supports the finding of a privilege in the defendants' conduct.

¶ 32    With regard to whether the plaintiff's complaint sufficiently alleged that the defendants' privileged conduct was unjustified, we acknowledge that "[a] defendant who is protected by a privilege *** is not justified in engaging in conduct which is totally unrelated or even antagonistic to the interest which gave rise to defendant's privilege." *HPI Health Care Services*, 131 Ill. 2d at 158. A complaint must contain specific factual allegations to support a reasonable inference that a defendant's conduct was unjustified. *HPI Health Care Services*, 131 Ill. 2d at 158. As was the case in *Turner*, we find nothing in the pleadings and supporting materials filed in this case to suggest that the defendants' conduct was unjustified. Dr. Campion performed his contractual obligation to conduct a fitness-for-duty evaluation on the plaintiff and disclosed the results to the Pekin police department and its chief. As stated by the Fourth District in *Turner*, "[t]o hold rendering an unfavorable evaluation constitutes an abuse of privilege would be tantamount to holding the privilege inapplicable altogether." *Turner*, 302 Ill. App. 3d at 1059. Under the circumstances of the instant case, we hold that the plaintiff's tortious interference claim was properly dismissed pursuant to section 2-619(a)(9). See *Turner*, 302 Ill. App. 3d at 1059.

¶ 33               III. FRAUDULENT MISREPRESENTATION AND
                          NEGLIGENT MISREPRESENTATION

¶ 34    The plaintiff's third and fourth arguments are that the circuit court erred when it dismissed his fraudulent and negligent misrepresentation claims. Because the elements of these two torts are very similar (*Neptuno Treuhand-Und Verwaltungsgesellschaft MBH v. Arbor*, 295 Ill. App. 3d 567, 574 (1998)), we will address them together.

¶ 35    The elements of a cause of action for fraudulent misrepresentation are: "(1) a false statement of material fact; (2) known or believed to be false by the party making it; (3) intent to induce the plaintiff to act; (4) action by the plaintiff in justifiable reliance on the truth of the statement; and (5) damage to the plaintiff resulting from such reliance." *Neurosurgery & Spine Surgery, S.C. v. Goldman*, 339 Ill. App. 3d 177, 186-87 (2003). The difference between fraudulent misrepresentation and negligent misrepresentation is the mental state–*i.e.*, in the latter claim, the party making the false statement does not have to know the statement was false. *Kopley Group V., L.P. v. Sheridan Edgewater Properties, Ltd.*, 376 Ill. App. 3d 1006, 1017 (2007).

¶ 36    The pleadings and supporting materials filed in this case indicate that the plaintiff's causes of action for fraudulent misrepresentation and negligent misrepresentation are faulty for several reasons, not the least of which being the inability to satisfy the element requiring action taken by the plaintiff in justifiable reliance on the truth of the defendants' statement. "[N]o recovery for fraudulent misrepresentation, fraudulent concealment or negligent misrepresentation is possible unless plaintiffs can prove justifiable reliance, *i.e.*, that any reliance was reasonable." *Neptuno*, 295 Ill. App. 3d at 575; see also *Kopley*, 376 Ill. App. 3d at 1018 (stating that the plaintiff "must have had a right to rely").

¶ 37    In this case, Dr. Campion rendered an *opinion* as to the plaintiff's fitness for duty, not a statement of fact. See *Marino v. United Bank of Illinois, N.A.*, 137 Ill. App. 3d 523, 527

(1985) ("[m]atters of fact are to be distinguished from expressions of opinion, which cannot form the basis of an action of fraud"); see also Restatement (Second) of Torts § 538A (1977) ("[a] representation is one of opinion if it express only (a) the belief of the maker, without certainty, as to the existence of a fact; or (b) his judgment as to quality, value, authenticity, or other matters of judgment"). Further, there is nothing in the pleadings and supporting materials filed in this case to suggest that the plaintiff acted in reliance on anything said by the defendants. While the plaintiff did allege that "[d]efendants' written representations about and concerning Plaintiff, induced the Plaintiff to seek treatment and not perform his duties," this allegation cannot reasonably be found to meet the justifiable-reliance element. Dr. Campion's opinion on the plaintiff's fitness for duty did not induce the plaintiff to seek treatment. Rather, Dr. Campion opined that the plaintiff was unfit for duty and recommended further treatment; it was the Pekin police department that *ordered* the plaintiff to comply with that recommendation.

¶ 38 In addition, under the circumstances of this case, even if the plaintiff could be said to have relied on any statements made by the defendants, such reliance would not have been reasonable. The plaintiff knew the purpose of the evaluation, as evidenced by his deposition testimony and by his signatures on the consent forms that described the evaluation process and sought releases to the chief and the Pekin police department. As was noted by the First District in *Sangirardi*, a police officer cannot reasonably expect that the results of a fitness exam will be kept from the police chief because those exams are integral to the hiring and retention processes for police officers. *Sangirardi*, 342 Ill. App. 3d at 16.

¶ 39 Under these circumstances, we hold that the defendants have presented affirmative matters that defeat the plaintiff's claims for fraudulent misrepresentation and negligent misrepresentation. Accordingly, those two causes of action were properly dismissed pursuant to section 2-619(a)(9) of the Code.

¶ 40                                CONCLUSION

¶ 41 Because the plaintiff's four causes of action were appropriately dismissed pursuant to section 2-619(a)(9) of the Code, we affirm the judgment of the circuit court of Tazewell County.

¶ 42 Affirmed.