**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

2021 IL App (3d) 180494-U

Order filed May 4, 2021

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2021

| | | |
|---|---|---|
| CHRISTOPHER MANDERS and ANDREA GUYON-MANDERS, | ) ) ) | Appeal from the Circuit Court of the 10th Judicial Circuit, Peoria County, Illinois. |
| Plaintiffs-Appellants and Cross-Appellees, | ) ) ) | |
| v. | ) ) | Appeal No. 3-18-0494 and 3-18-0679 Circuit No. 14-CH-200 |
| CAROL JOANNE GORMAN, | ) ) | The Honorable |
| Defendant-Appellee and Cross-Appellant. | ) ) ) | Lisa Wilson, Judge, presiding. |

Presiding JUSTICE McDADE delivered the judgment of the court.
Justices Lytton and Holdridge concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The circuit court did not err when it denied the plaintiffs' second petition for rule to show cause, motion to file an amended complaint, and various motions for attorney fees. The court also did not err when it denied the defendant's motion for sanctions.

¶ 2     The plaintiffs, Christopher Manders and Andrea Guyon-Manders, filed a civil complaint in 2014 against the defendant, Carol Joanne Gorman, alleging nuisance and seeking injunctive relief based on landscaping the defendant added to her property that allegedly caused flooding on the plaintiffs' property. In 2015, the court ordered the landscaping removed, and the defendant agreed to a permanent injunction. Numerous motions were filed by the parties over the next several years, which included the plaintiffs filing two petitions for rule to show cause, a motion to file an amended complaint, and several motions for attorney fees and costs, none of which was successful. The defendant filed a motion for sanctions after all other matters had been resolved, which the court denied.

¶ 3     In a disjointed and rambling brief, the plaintiffs essentially argue that the circuit court erred when it: (1) denied their second petition for rule to show cause; (2) denied their motion to file an amended complaint; and (3) denied their various motions for attorney fees. The defendant also cross-appealed, arguing that the court erred when it denied her motion for sanctions. We affirm.

¶ 4                                   I. BACKGROUND

¶ 5     Initially, we note that the plaintiffs' statement of facts improperly contains argument and comment in violation of Supreme Court Rule 341(h)(6) (eff. May 25, 2018). Accordingly, we strike the plaintiffs' statement of facts.

¶ 6     On May 12, 2014, the plaintiffs initiated a nuisance action against the defendant based on landscaping that the defendant had added to her property. The complaint alleged that the landscaping had interrupted the natural flow of water across the properties, in contravention of Illinois law and covenants running with the land, thereby causing water to pool on the plaintiffs' property. The complaint also sought injunctive relief.

¶ 7        In January 2015, during the period in which the trial on the plaintiffs' complaint was being held, the defendant filed a counterclaim. The counterclaim sought mandatory and permanent injunctions and monetary damages, alleging, *inter alia*, that the construction of Plaintiffs' home impermissibly increased the volume and speed of surface run-off onto the defendant's property and that the plaintiffs were intending to make modifications to their property that she believed would further impermissibly increase the volume and speed of surface run-off onto her property.

¶ 8        A trial was held on the plaintiffs' complaint over several days between May 2014 and May 2015, culminating in the circuit court ruling in favor of the plaintiffs and ordering the defendant to remove the landscaping. At a hearing on July 15, 2015, the defendant stated that she had removed the landscaping from her property, although the plaintiffs contended that she had not fully complied with the court's order to remove it. The defendant agreed to a permanent injunction prohibiting the construction of anything that would impede the natural flow of surface water across the properties, although the terms of the injunction still needed to be negotiated.[1] She further agreed to dismiss her counterclaim, although she later rescinded that decision. The plaintiffs also filed a petition for attorney fees and costs.

¶ 9        On August 17, 2015, the plaintiffs filed a petition for rule to show cause, alleging that the defendant had only partially removed the landscaping from her property.

¶ 10        On September 17, 2015, the plaintiffs filed a motion for sanctions pursuant to Illinois Supreme Court Rule 137 (Ill. S. Ct. R. 137 (eff. July 1, 2013)), alleging that the defendant

---

[1] It appears from the record that the terms of the permanent injunction were finalized in November 2015.

"assert[ed] a legal position based on unsupported allegations of law and fact[,]" essentially claiming that she had no viable defense to the plaintiffs' claims for nuisance and an injunction and that she filed a frivolous counterclaim. The motion also sought attorney fees and costs.

¶ 11    Approximately one week later, on September 25, 2015, the defendant sought to amend her counterclaim to include only the permanent injunction request based on the allegation that the plaintiffs were intending to make modifications to their property. The circuit court held a hearing on October 6, 2015, at which the court ruled, *inter alia*, that a hearing would be held on November 18, 2015, on multiple pending matters, including the defendant's motion to amend her counterclaim.

¶ 12    An exhibit to a pleading filed by the plaintiffs purports to show that the court held a hearing on November 18, 2015, and issued an order that day that set all motions for hearing on December 9, 2015. The record does include an order issued by the court on December 9, 2015, in which the court stated it held a hearing on the plaintiffs' petition for rule to show cause and found in favor of the defendant.

¶ 13    The circuit court held a hearing on January 13, 2016 on the plaintiffs' motion for sanctions. The court ruled that no sanctions would be ordered for attorney fees, but the matter was continued regarding costs.

¶ 14    While the costs matter was still pending, on February 22, 2016, the plaintiffs filed a motion to amend their complaint to add a third count alleging a violation of section 11-13-15 of the Municipal Code (65 ILCS 5/11-13-15 (West 2014)). Specifically, the plaintiffs alleged that the defendant's act of building the "artificial earthen dam" violated the subdivision plat recorded in 1997 by interfering with subdivision's "storm and flood water run-off channel."

4

¶ 15        The court addressed the costs matter on May 18, 2016, when it ordered the defendant to pay costs to the plaintiffs in the amount of $573.75. On June 24, 2016, the plaintiffs filed a motion to reconsider the denial of attorney fees and to award mandatory attorney fees based on the defendant's alleged violation of the Illinois Municipal Code. That motion was denied after a hearing on August 17, 2016.

¶ 16        On August 12, 2016, the defendant filed a motion for sanctions and fees pursuant to Rule 137, alleging that the plaintiffs' attorney had improperly asserted that the defendant did not remove the landscaping at issue, that he improperly sought fees and costs, and that he improperly sought to amend the complaint.

¶ 17        The circuit court held a hearing on the plaintiffs' motion to amend the complaint on October 4, 2016. The court denied the motion after finding that: (1) the plaintiffs' count III was an entirely new cause of action; (2) no evidence was presented at trial on a Municipal Code violation; (3) no testimony was adduced from the City of Peoria nor was the City provided with adequate notice at any point during trial; (4) the defendant's due process rights would be compromised if the count were added in that she would not have an opportunity to present a defense; and (5) an award of attorney fees for the alleged violation of the Municipal Code was not authorized.

¶ 18        On October 28, 2016, the plaintiffs filed a motion for reconsideration, which the circuit court denied on November 22, 2016.

¶ 19        While the motion for reconsideration was pending, the plaintiffs filed a second petition for rule to show cause on November 14, 2016, which alleged, again, that the defendant failed to comply with the order to remove the landscaping. The petition included several exhibits, which the court struck in February 2017.

¶ 20    The circuit court held a hearing on the plaintiffs' second petition for rule to show cause in December 2017, the transcript from which has not been included in the record on appeal. The court did not rule on the matter until March 16, 2018, when it found that the defendant had made no changes to her property since the court ruled on the first petition for rule to show cause and that the evidence showed that the defendant's property was not higher than the plaintiffs' property, as they had alleged. Further, the court found that the plaintiffs had installed some landscaping that blocked the natural flow of water across the plaintiffs' property to the defendant's property. Accordingly, the court denied the plaintiffs' petition.

¶ 21    The plaintiffs filed a motion for reconsideration on April 9, 2018. While that motion was pending, they also filed a motion for award of attorney fees and costs on July 19, 2018, which appeared to seek: (1) a reconsideration of the denial of attorney fees and costs regarding the trial and post-judgment proceedings; and (2) an award of attorney fees and costs pursuant to section 11-13-15 of the Municipal Code (65 ILCS 5/11-13-15 (West 2016)) regarding the two petitions for rule to show cause.

¶ 22    On July 26, 2018, the circuit court held a hearing on all pending motions. The court denied the plaintiffs' motions for reconsideration and attorney fees, finding, *inter alia*, that there was no entitlement to attorney fees and costs on the second petition for rule to show cause because the court denied that petition. The court also gave the defendant 28 days to file any pleadings; if she did not file anything, the court stated that its order would become final and appealable at the expiration of that 28-day period.

¶ 23    The record reflects that the plaintiffs' notice of appeal was filed on August 9, 2018. The plaintiffs stated they were appealing the circuit court's order of July 26, 2018, which they

6

claimed "dismiss[ed] the Petitions for Rule to Show Cause No. 1 and No. 2 ***." The notice of appeal also sought reversal of the court's decisions on attorney fees and costs.

¶ 24      On August 30, 2018, the defendant filed a motion for sanctions pursuant to Rule 137. In part, the motion alleged:

> "For over three years—since May 2015—this entire litigation has raged over a landscaping berm that the Court ordered Defendant to remove, and that Defendant did remove. That was established without question on December 9, 2015, with the Court's ruling on the first Petition for Leave [*sic*] to Show Cause. Since that time, Plaintiffs have filed motions and petitions, lost, moved for reconsideration, lost, moved for attorney's fees, and lost—over, and over, and over again. And all about the same subjects, repeatedly. The continuation of this litigation has been frivolous, vexatious, and for purposes of harassment."

¶ 25      The circuit court denied the defendant's motion after a hearing on October 12, 2018. The court noted the contentious and frustrating nature of the proceedings, but stated that "I'm not in a position to sanction [counsel for the plaintiffs] for that at this point in time." On November 9, 2018, the plaintiffs filed a notice of appeal. The defendant cross-appealed from the denial of sanctions.

¶ 26                                    II. ANALYSIS

¶ 27      On appeal, the plaintiffs essentially argue that the circuit court erred when it: (1) denied their second petition for rule to show cause; (2) denied their motion for leave to file an amended complaint; and (3) denied their various motions for attorney fees.

7

¶ 28        A. The Second Petition for Rule to Show Cause

¶ 29   The plaintiffs' first argument on appeal is that the circuit court erred when it denied their second petition for rule to show cause.

¶ 30   The plaintiffs filed their second petition for rule to show cause on November 14, 2016, alleging again that the defendant failed to comply with the court's order to remove the landscaping. The court held a hearing on that petition in December 2017 and denied it on March 16, 2018. The plaintiffs filed a timely motion for reconsideration, which was denied on July 26, 2018. The notice of appeal was timely filed regarding the court's decision on the second petition for rule to show cause, but we note that no transcript of the hearing on that petition has been included in the record on appeal. "[T]o support a claim of error, the appellant has the burden to present a sufficiently complete record." *Corral v. Mervis Industries, Inc.*, 217 Ill. 2d 144, 156 (2005). When the record is inadequate to review a claim of error, we presume that the circuit court's ruling had a sufficient factual basis and was legally correct. *Id.* Accordingly, we will not address any arguments the plaintiffs attempt to raise on appeal regarding the substance of the court's decision on the second petition for rule to show cause.

¶ 31     B. Denial of the Motion for Leave to File an Amended Complaint

¶ 32   The plaintiffs' second argument on appeal is that the circuit court erred when it denied their motion to amend the complaint.

¶ 33   In relevant part, section 2-616(a) of the Code of Civil Procedure (735 ILCS 5/2-616(a) (West 2014)) provides that "[a]t any time before final judgment amendments [to pleadings] may be allowed on just and reasonable terms," including adding new causes of action. *Id.*

"The decision of whether to grant leave to file an amended complaint is within the sound discretion of the trial court. In

8

considering whether a trial court abused its discretion, this court will consider (1) whether the proposed amendment would cure the defects in the original pleading; (2) whether the amendment would prejudice or surprise other parties; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading can be identified." *People ex rel. Hartigan v. E & E Hauling, Inc.*, 153 Ill. 2d 473, 505 (1992).

We will not disturb a circuit court's ruling on a motion for leave to amend unless that decision constituted an abuse of discretion, which occurs when no reasonable person would agree with the court's ruling. *1515 North Wells, L.P. v. 1513 North Wells, L.L.C.*, 392 Ill. App. 3d 863, 870 (2009).

¶ 34     In this case, the plaintiffs sought to amend their complaint in February 2016 to add a new count based on an alleged violation of section 11-13-15 of the Municipal Code (65 ILCS 5/11-13-15 (West 2014)). The plaintiffs alleged that the defendant's act of building the "artificial earthen dam" violated the subdivision plat recorded in 1997 by interfering with subdivision's "storm and flood water run-off channel." In rejecting the plaintiffs' motion, the circuit court found, *inter alia*, that the new allegation presented an entirely new cause of action and that allowing the amendment would prejudice the defendant because she would not have an opportunity to present a defense to that charge.

¶ 35     Our review of the circuit court's ruling reveals no error. Initially, we note that the amendment was not aimed at curing any defect in the original pleading; it presented an entirely new cause of action and it was brought nearly one year after the trial on the original complaint ended. While it is true that evidence presented on the original complaint would also have been

9

relevant to the new cause of action, the court was correct to emphasize that allowing the new count would be prejudicial to the defendant in that she would not have an opportunity to specifically defend against it. Under these circumstances, we hold that a reasonable person could in fact agree with the court's decision to deny leave to amend the complaint. See *1515 North Wells*, 392 Ill. App. 3d at 870.

¶ 36       Moreover, we note that the plaintiffs could not have established a violation of section 11-13-15 of the Municipal Code in the manner alleged. We note that the plaintiffs' new cause of action was predicated on a violation of section 11-13-15 *through* section 11-12-12 (65 ILCS 5/11-12-12 (West 2014)). Section 11-13-15 creates a private right of action for property owners to seek redress for certain ordinance violations committed by nearby property owners. *Avery v. GRI Fox Run, LLC*, 2020 IL App (2d) 190382, ¶¶ 30-31. In part, section 11-12-12 provides:

> "No map or plat of any subdivision presented for record affecting land (1) within the corporate limits of any municipality which has heretofore adopted, or shall hereafter adopt an ordinance including an official map in the manner prescribed in this Division 12, or (2) within contiguous territory which is not more than 1 ½ miles beyond the corporate limits of an adopting municipality, shall be entitled to record or shall be valid unless the subdivision shown thereon provides for the *** storm and flood water run-off channels and basins *** in conformity with the applicable requirements of the ordinances including the official map ***." 65 ILCS 5/11-12-12 (West 2014).

10

By its plain and obvious terms, section 11-12-12 creates no duties on individual property owners such as the defendant in this case. Additionally, the construction of some type of landscaping, as was done in this case, even if it interfered with the flow of water over the affected properties, does not in any way violate the map or plat recording requirements in section 11-12-12. We can affirm on any basis supported by the record (*Simmons v. Campion*, 2013 IL App (3d) 120562, ¶ 22), and the clear inapplicability of section 11-12-12 in this case provides additional support for our ruling that the plaintiffs' motion for leave to amend the complaint was properly denied.

¶ 37                           C. Denial of the Motions for Attorney Fees

¶ 38      The plaintiffs' third argument on appeal is that the circuit court erred when it denied their various motions for attorney fees.

¶ 39      In Illinois, "each party to litigation must normally bear its own litigation expenses, regardless of who won." *State ex rel. Schad, Diamon & Shedden, P.C. v. My Pillow, Inc.*, 2018 IL 122487, ¶ 17. "Prevailing parties are prohibited from recovering their attorney fees from the losing party absent express authorization by statute or by contract between the parties." *Id.* We review a circuit court's decision on whether to award attorney fees for an abuse of discretion. *In re Marriage of Schneider*, 214 Ill. 2d 152, 174 (2005).

¶ 40      In their brief, the plaintiffs claim that there are three bases upon which they are entitled to attorney fees: (1) section 11-13-15 of the Municipal Code (65 ILCS 5/11-13-15 (West 2014)); (2) several sections of the Illinois Drainage Code; and (3) Illinois Supreme Court Rule 137.

¶ 41      It is important to note that the complaint in this case alleged nuisance in count I and sought an injunction in count II. There were no charges based on violations of the Municipal or Drainage Codes, nor were there ever any findings that the defendant violated any provisions within those Codes. The plaintiffs provide no support for their claim that the Municipal and

11

Drainage Codes can serve as bases for the grant of attorney fees in this case. Accordingly, we find no abuse of discretion in the circuit court's denial of attorney fees under the Municipal and Drainage Codes.

¶ 42 Regarding Rule 137, we note that while the plaintiffs did seek attorney fees and costs as sanctions under Rule 137 related to the trial, that motion was denied by the circuit court. In the plaintiffs' brief, the entirety of their Rule 137-based argument is as follows:

> "S.C.R. 137 lists conduct that violates the Act, including filing documents that are not based on facts determined after proper investigation and inquiry, or the actions do not comport with existing state law or a good faith argument to change existing law, each of which will constitute a violation of S.C.R. 137. The defendant's continued conduct caused unnecessary delay and needlessly extended the time and cost of litigation. If the court finds a violation of S.C.R. 137, an appropriate sanction may be imposed, including attorney fees and costs."

Nothing in this paragraph attempts to show that the circuit court's January 2016 decision to deny attorney fees under Rule 137 was an abuse of discretion, nor is there anything in that paragraph to explain how the defendant allegedly caused unnecessary delay and increased litigation costs. For these reasons, we hold that the plaintiffs have forfeited their Rule 137-based argument. See Ill. S. Ct. R. 341(h)(7) (stating that "[p]oints not argued are forfeited ***").

¶ 43                         D. The Defendant's Cross-Appeal

¶ 44 In her cross-appeal, the defendant argues that the circuit court erred when it denied her motion for sanctions.

¶ 45        In part, Rule 137 provides:

> "The signature of an attorney or party constitutes a certificate by
> him that he has read the pleading, motion or other document; that
> to the best of his knowledge, information, and belief formed after
> reasonable inquiry it is well grounded in fact and is warranted by
> existing law or a good-faith argument for the extension,
> modification, or reversal of existing law, and that it is not
> interposed for any improper purpose, such as to harass or to cause
> unnecessary delay or needless increase in the cost of litigation. ***
> If a pleading, motion, or other document is signed in violation of
> this rule, the court, upon motion or upon its own initiative, may
> impose upon the person who signed it, a represented party, or both,
> an appropriate sanction, which may include an order to pay to the
> other party or parties the amount of reasonable expenses incurred
> because of the filing of the pleading, motion or other document,
> including a reasonable attorney fee." Ill. S. Ct. R. 137(a) (eff. July
> 1, 2013).

The decision of whether to impose sanctions pursuant to Rule 137 is a matter within the circuit court's discretion, and we will not disturb the court's decision absent an abuse of that discretion. *Mohica v. Cvejin*, 2013 IL App. (1st) 111695, ¶ 47. An abuse of discretion occurs when no reasonable person would agree with the circuit court's position. *Polsky v. BDO Seidman*, 293 Ill. App. 3d 414, 427 (1997).

13

¶ 46        Our review of the record reveals that despite the questionable nature of many of the plaintiffs' filings and arguments below, we cannot find that no reasonable person would agree with the circuit court that sanctions were inappropriate.  It appears that the court believed this to be a close issue, and we agree with that assessment.  In particular, the plaintiffs have attempted to relitigate the same issues repeatedly and some of their arguments—such as the claim for attorney fees under the Municipal Code—were completely inapplicable and without merit.  However, Rule 137 is penal in nature and "courts reserve sanctions for egregious cases." *Clark v. Gannett Co., Inc.*, 2018 IL App (1st) 172041, ¶ 66.  The purpose of Rule 137 sanctions is not to punish a party simply for making unsuccessful arguments. *Id.*  "Using an objective standard, the trial court must evaluate whether a party made a reasonable inquiry into the facts and law supporting his or her allegations." *Id.*  The court did that in this case and concluded that sanctions were not appropriate.  We are unable to conclude that no reasonable person would agree with the circuit court's decision and therefore hold that the court did not abuse its discretion when it denied the defendant's motion for sanctions.

¶ 47                                    III.  CONCLUSION

¶ 48        For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

¶ 49        Affirmed.