**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2022 IL App (3d) 210199-U

Order filed May 18, 2022

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2022

| | | |
|---|---|---|
| K.S. KRISHNAMOORTHI, | ) | Appeal from the Circuit Court |
| | ) | of the 10th Judicial Circuit, |
| Plaintiff-Appellant, | ) | Peoria County, Illinois |
| | ) | |
| | ) | Appeal No. 3-21-0199 |
| v. | ) | Circuit No. 20-L-160 |
| | ) | |
| JOSEPH CHEN, | ) | Honorable |
| | ) | Michael D. Risinger, |
| Defendant-Appellee. | ) | Judge, Presiding |

_____

PRESIDING JUSTICE O'BRIEN delivered the judgment of the court.
Justices Hauptman and Lytton concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:  Trial court did not err when it dismissed plaintiff's complaint for failure to state a claim.

¶ 2     Plaintiff K.S. Krishnamoorthi brought a two-count complaint against defendant Joseph Chen, alleging intentional infliction of emotional distress and tortious interference with an expectancy. The trial court dismissed the case on Chen's motion. Krishnamoorthi appealed. We affirm.

## I. BACKGROUND

Plaintiff K.S. Krishnamoorthi and defendant Joseph Chen are both professors in the Department of Industrial and Manufacturing Engineering at Bradley University. Krishnamoorthi had taught in the department for more than 39 years, specializing in engineering statistics, and planned to retire in May 2020. He was then 79 years old and in poor health, suffering from diabetes, hypertension and a peptic ulcer. Chen was the department chair. In 2017, Krishnamoorthi ran against Chen for the chairperson position and authored a "manifesto" critical of Chen. In 2018, Krishnamoorthi informed the associate dean of the college that Chen had allowed an unqualified graduate student to enroll in one of Krishnamoorthi's classes. In June 2018, Chen assigned Krishnamoorthi to teach a new graduate level course in facilities planning in the upcoming spring semester.

Krishnamoorthi attempted to decline the teaching assignment, claiming ill health and lack of expertise in the area of facilities planning. He asked Chen to reconsider but Chen declined to release Krishnamoorthi from the teaching duties. Krishnamoorthi then appealed to the dean of the engineering school, who denied the appeal because the department chair was responsible for teaching assignments. Krishnamoorthi asked the dean to reconsider, offering that one of his colleagues had agreed to switch teaching assignments with Krishnamoorthi. The dean denied the new request.

Krishnamoorthi began experiencing physical and emotional problems, including sleep disturbances, stomach pain related to his ulcer, elevated blood pressure and a preoccupation with his new assignment. His symptoms continued to worsen and he was hospitalized in October 2018 for high blood pressure. He was further diagnosed with blood clots in his lungs, stress to his heart and an aortic aneurism. Krishnamoorthi informed both Chen and the dean of his medical status.

¶ 7       Also in October 2018, Krishnamoorthi filed a grievance with the faculty grievance committee, which recommended Chen withdraw the teaching assignment. He did not withdraw it and Krishnamoorthi took medical leave for the spring semester. He returned from leave with instructions from his doctor that his workload minimize stressors. Krishnamoorthi requested a full-time teaching load that did not include the facilities planning course. When Chen refused, Krishnamoorthi went on half-time medical leave but was still required to teach facilities planning. After the dean intervened, Chen excused Krishnamoorthi from teaching the course but would not assign him a course in his area of expertise.

¶ 8       Krishnamoorthi filed a two-count complaint, alleging intentional infliction of emotional distress and tortious interference with an employment expectancy. Chen moved to dismiss per section 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2020)). The trial court granted the motion and dismissed the complaint with prejudice. Krishnamoorthi timely appealed.

¶ 9                                II. ANALYSIS

¶ 10      Krishnamoorthi argues that the trial court improperly dismissed his complaint. He maintains he adequately pleaded extreme and outrageous conduct sufficient to sustain his claim for intentional infliction of emotional distress and that he sufficiently alleged tortious interference with his employment expectancy.

¶ 11      A section 2-615 motion to dismiss challenges the legal sufficiency of the complaint. *Id.* In the complaint, the plaintiff is not required to prove his case but must allege facts sufficient to sustain each element of the cause of action. *Griffin v. Bruner*, 341 Ill. App. 3d 321, 324 (2003). In deciding a 2-615 motion to dismiss, the court considers whether, taking all well-pleaded facts as true and construing them in a light most favorable to the plaintiff, the allegations are sufficient to state a cause of action on which relief may be granted. *Doe-3 v. McLean County Unit District No.*

3

*5 Board of Directors*, 2012 IL 112479, ¶ 16. This court reviews the dismissal of a complaint *de novo*. *Id.* ¶ 15.

¶ 12     We first address the complaint's intentional infliction of emotional distress count. Krishnamoorthi characterizes the circumstances at issue as more than a mere work dispute and contends that Chen's behavior was outrageous, and his allegations were sufficient to sustain the intentional infliction of emotional distress count. He asserts that Chen held a position of power over him and the ability to damage his interests. Krishnamoorthi further questions whether Chen's assignment of the facilities planning course was a legitimate business objective and whether Chen had a retaliatory motive in assigning the course. Finally, Krishnamoorthi claims that his age and ill health made him particularly vulnerable to emotional distress.

¶ 13     To state a cause of action for intentional infliction of emotional distress, the complaint must allege that (1) defendant's conduct was extreme and outrageous; (2) defendant intended to cause severe emotional distress or knew there was a high probability his conduct would lead to severe emotional distress; and (3) defendant's conduct did cause severe emotional distress. *McGrath v. Fahey*, 126 Ill. 2d 78, 86 (1988). Whether a defendant's conduct is extreme and outrageous is judged objectively based on the particular facts and circumstances of the case. *Id.* at 90. Outrageous conduct involves more than " 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.' " *Id.* at 86 (quoting Restatement (Second) of Torts, § 46, comment *d* at 73 (1965)). When the conduct arises in an employment context, the court looks at whether it involves an abuse of power or authority and whether the conduct furthers a legitimate business objective. *Id.* at 88.

¶ 14     Krishnamoorthi's complaint alleges that Chen assigned him to teach a class outside of his area of expertise in retaliation for actions Krishnamoorthi took challenging Chen and that Chen

4

refused to reconsider the decision despite knowing its adverse effect on Krishnamoorthi's mental, emotional and physical well-being. The complaint states that Chen was aware Krishnamoorthi was nearly 80 years old and planning to retire but still assigned him to teach the facilities planning course. Krishnamoorthi alleged such conduct violated the university handbook in that it did not further the school's objective to provide a quality education; that Chen persisted in maintaining the course assignment despite Krishnamoorthi's stress resulting from the assignment; that Krishnamoorthi had a "life threatening medical condition" that would be aggravated by stress; and that Chen was aware of Krishnamoorthi's health issues; and that Krishnamoorthi suffered severe physical and emotional distress as a result of Chen's conduct.

¶ 15    These allegations are insufficient to sustain a cause of action for intentional infliction of emotional distress. Chen used his position of authority to further the legitimate objective of assigning courses to professors. When Krishnamoorthi challenged the assignment, Chen did not engage in coercive tactics or threaten Krishnamoorthi. There are no allegations of unprofessional conduct by Chen, only conduct that Krishnamoorthi disliked. Chen's knowledge of Krishnamoorthi's physical and emotional distress does not save Krishnamoorthi's claim. While it is undisputed Krishnamoorthi suffered emotional distress, the allegations do not support that any action by Chen was outrageous such that it could have resulted in severe emotional distress. *Public Finance Corp. v. Davis*, 66 Ill. 2d 85, 94 (1976) (even when defendant is aware of plaintiff's particular susceptibility, "major outrage *** is still essential to the tort"). Krishnamoorthi was 79 years old when this saga began, in ill health, and facing retirement. We find the trial court properly dismissed the intentional infliction of emotional distress count for failure to state a claim.

¶ 16    We next address whether the trial court erred when it dismissed the tortious interference count. Krishnamoorthi maintains that he pleaded facts adequate to sustain his cause of action. He

5

argues that Chen's conduct forced him to work part time and deprived him of income. He asserts he reasonably expected to continue teaching courses in his area of expertise and Chen's conduct interfered with his expectation.

¶ 17    To sustain a cause of action for tortious interference with an employment relationship, the plaintiff must establish (1) a reasonable expectation of continued employment; (2) defendant's knowledge of the plaintiff's expectancy; (3) defendant's intentional and unjustified interference caused the employment to be terminated; and (4) damages. *Harrison v. Addington,* 2011 IL App (3d) 100810, ¶ 52.

¶ 18    As to the first element, Krishnamoorthi had a reasonable expectation of continued employment. He had been employed as a professor for nearly 40 years and reasonably anticipated that his tenure would continue, albeit it in light of his projected retirement. However, in the complaint, Krishnamoorthi alleged that he had a reasonable expectation that he would continue teaching courses "which he was qualified to teach and were consistent with his plan of professional development." It was not a reasonable expectation that he would only be assigned coursework he enjoyed and wanted to teach.

¶ 19    The second element is Chen's knowledge of Krishnamoorthi's expectancy. The complaint does not allege that Chen knew Krishnamoorthi wanted to teach only specific courses in his particular field. It alleges only that Chen knew Krishnamoorthi was not qualified to teach the facilities planning course based on Krishnamoorthi's own assessment of his abilities and preferences. As alleged in the complaint, Chen was responsible for faculty teaching assignments. He was not required to satisfy each professor's preferences as to the assignments. The facilities management course Chen assigned Krishnamoorthi was within the college of engineering program with which Krishnamoorthi was affiliated. Krishnamoorthi had taught a course in facilities

6

management, albeit 30 years prior. Chen's assignment of the course to Krishnamoorthi did not alter his expectancy of employment. Krishnamoorthi maintained his professorship and voluntarily opted to reduce his workload.

¶ 20    Krishnamoorthi cannot satisfy the third element, that Chen interfered in such a manner as to cause Bradley to terminate Krishnamoorthi's employment. Significantly, Krishnamoorthi was not terminated from his employment. Bradley did not reduce his workload or his work hours. Krishnamoorthi voluntarily took medical leave and requested a part-time course load. The complaint does not allege Chen's conduct interfered with his employment with Bradley. *Simmons v. Campion*, 2013 IL App (3d) 120562, ¶ 32 ("A complaint must contain specific factual allegations to support a reasonable inference that a defendant's conduct was unjustified"). Although the complaint alleges that Chen's conduct caused Krishnamoorthi to seek a reduced workload, Krishnamoorthi fails to allege Chen caused a breach of his employment expectancy. Krishnamoorthi could have continued teaching full time but he would have had to teach the facilities planning course, which he refused to do.

¶ 21    Krishnamoorthi's allegations also fail on the fourth element, damages. Although he voluntarily took medical leave and reduced his course load to part time, he retained his professorship and continued to teach classes. He remained employed by Bradley. There was no tortious interference in his employment relationship. We find this count was properly dismissed for failure to state a cause of action.

¶ 22                                    III. CONCLUSION

¶ 23    For the foregoing reasons, the judgment of the circuit court of Peoria County is affirmed.

¶ 24    Affirmed.